443 F.Supp. 596 (1977)
Dr. Frank B. McMAHON, Plaintiff,
v.
PRENTICE-HALL, INCORPORATED and Dr. Charles Morris, Defendants.
No. 77-598C(3).
United States District Court, E. D. Missouri, E. D.
November 23, 1977.
John M. Howell, Rogers, Eilers & Howell, St. Louis, Mo., for plaintiff.
John S. Sandberg, Coburn, Croft, Shepherd, Herzog & Putzell, St. Louis, Mo., for Prentice-Hall.
Robert S. Allen, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for Charles Morris.

*597 MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon the motions of defendants Meredith Corporation and Dr. Charles G. Morris for summary judgment. Plaintiff brought this suit pursuant to 28 U.S.C. §§ 1332 and 1338 alleging infringement of plaintiff's copyrights, fraud, breach of contract, breach of fiduciary duty, breach of an implied covenant, conversion, unfair competition, and damage to plaintiff's professional reputation.
Specifically, plaintiff alleges that defendants Meredith Corporation and Morris infringed plaintiff's copyrights and competed unfairly with plaintiff and his book, by writing and publishing a book entitled "Psychology, An Introduction", authored by defendant Morris and allegedly copied from plaintiff's copyrighted book, "Psychology, The Hybrid Science" (first edition). Plaintiff alleges that defendant Morris, together with defendant Prentice-Hall further infringed plaintiff's copyrights and competed unfairly by publishing and placing on the market in January, 1976 a book entitled "Psychology, An Introduction, 2nd Edition" authored by defendant Morris but allegedly copied from plaintiff's copyrighted books, entitled "Psychology, The Hybrid Science (First and Second Editions)" and "Abnormal Behavior: Psychology's View". In addition, plaintiff alleges that in copies of "Psychology, An Introduction", 1st Edition, defendants Morris and Meredith, together with defendant Prentice-Hall used plaintiff's name without permission and falsely represented that plaintiff had participated in and approved of the book. Plaintiff also asserts that defendants Morris and Meredith, together with defendant Prentice-Hall, have damaged plaintiff's professional reputation and standing in that they caused and contributed to the copying of plaintiff's ideas and caused these ideas to be distorted.
The basis for defendants' motions for summary judgment is a release executed by plaintiff on August 22, 1973. That release provides:
The undersigned, Frank B. McMahon, Jr., in consideration of the termination of three contracts . . . between Appleton-Century-Crofts, Educational Division, Meredith Corporation and the undersigned, and in consideration of a contemporaneous release from Appleton-Century-Crofts, Education Division, Meredith Corporation and the return to him of his manuscript and all of his rights as author in and to those works in the field of abnormal psychology which were the subjects of the contracts referred to above, hereby releases Appleton-Century-Crofts, Educational Division, Meredith Corporation from any and all liability to him arising out of or which might arise out of any of said contracts or out of the dealings of the parties thereto from the beginning of time up to the date hereof, and the undersigned also releases Charles G. Morris, as author, and Appleton-Century-Crofts, Educational Division, Meredith Corporation, as publisher, of a book entitled "PSYCHOLOGY AN INTRODUCTION" from any liability to him arising out of the writing or publication of said book, and specifically (but without limiting the generality of the foregoing) releases any claims which the undersigned has or might have arising out of the use of his name in the "acknowledgements" section of said book or for copyright infringement by reason of the writing or publication of said book. The undersigned also releases Appleton-Century-Crofts, Educational Division, Meredith Corporation from any liability to him arising out of its alleged publication in the past of erroneous and damaging comments concerning him or his book entitled "PSYCHOLOGY: THE HYBRID SCIENCE".
In order to counter the effects of this release, which would bar the claim herein, Wagoner v. Mountain Savings and Loan Association, 311 F.2d 403 (10th Cir. 1962), plaintiff contends that defendant Meredith Corporation fraudulently failed to inform plaintiff, at the time the release was signed, that it intended to sell Appleton-Century-Crofts to Prentice-Hall, and that, had plaintiff been aware of the same, he would not have signed the releases.
*598 From the affidavits filed in connection with these motions, it appears that plaintiff was interested in terminating three contracts which he had entered into with Meredith because of Meredith's publication of defendant Morris' book. During the negotiations for the release, Meredith gave plaintiff permission to negotiate with other publishers for a contract for a psychology text. At the time the release was signed, all the parties involved were aware that plaintiff planned to contract with Prentice-Hall. At the same time, however, Meredith was attempting to sell Appleton-Century-Crofts. Plaintiff contends that Meredith was negotiating to sell Appleton-Century-Crofts to Prentice-Hall at the time, and that as a result of the release, plaintiff lost his right to sue Meredith but gained nothing, since the sale would have resulted in a transfer of his contracts to Prentice-Hall, the result which plaintiff sought by way of the release. The record clearly indicates, however, that the fact that Meredith was attempting to sell Appleton-Century-Crofts was widely known, and was known, in fact, to plaintiff's attorney. Plaintiff's attorney assumed, however, that the sale was not to Prentice-Hall because Meredith was interested in obtaining, and did obtain, a release from Prentice-Hall as to Prentice-Hall's claims for copyright infringement with respect to defendant Morris' book. The affidavits submitted by defendant Meredith indicate that at the time of the release, it was not known that Appleton-Century-Crofts was to be sold to Prentice-Hall; Meredith at that time was soliciting bids from a number of publishers. Nevertheless, even assuming that Meredith was negotiating at that time with Prentice-Hall, the Court concludes that the release is effective to bar plaintiff's claim against Meredith herein.
It is well established that "silence alone will be held to be fraud where the circumstances are such as to impose a duty upon one to speak, and he deliberately remains silent." Schrabauer v. Schneider Engraving Product, Inc., 224 Mo.App. 304, 25 S.W.2d 529, 533 (1930); Hill v. Securities Investment Company of St. Louis, 423 S.W.2d 836 (Mo.1968). The issue is whether defendant Meredith had a duty to speak. Such a duty is said to arise where there is a relationship of confidence or trust, where there is inequality of condition, and where one party has superior knowledge which is not within the fair and reasonable reach of the other party. Jones v. Arnold, 359 Mo. 161, 221 S.W.2d 187 (1949); Parker v. Green, 340 S.W.2d 435 (Mo.App.1960); Hanson v. Acceptance Finance Co., Inc., 270 S.W.2d 143 (Mo.App.1954); Vendt v. Duenke, 210 S.W.2d 692 (Mo.App.1948); Feeny v. Cook, 242 S.W.2d 524 (Mo.1951); Thompson v. Kansas City, C. C. & St. J. Ry. Co., 224 Mo.App. 415, 27 S.W.2d 58 (1930). Plaintiff apparently contends that defendant had superior knowledge of the facts, not within the fair and reasonable reach of plaintiff. The Court disagrees. Plaintiff was represented by counsel throughout the negotiations. Counsel was aware that a sale of Appleton-Century-Crofts was planned. Counsel presumed that the sale was not to Prentice-Hall, because of Meredith's interest in obtaining a release from Prentice-Hall. Nevertheless, that does not mean that plaintiff or his counsel were unable to ascertain the identity of the party or parties with whom Meredith was negotiating the sale. Plaintiff made no inquiry at the time. In fact, plaintiff made no inquiry once the sale to Prentice-Hall was consummated. It was only after the institution of this suit, and in the course of discovery proceedings, that plaintiff realized that at the time of the negotiations of the release, Meredith and Prentice-Hall had had discussions concerning the sale of Appleton-Century-Crofts.
. . . plaintiffs had sufficient knowledge of the facts to determine for themselves whether Smith's representation . . . was false. There was no evidence of artifice whereby the plaintiffs were induced to forego an independent investigation of the facts . . .. It was the duty of plaintiffs . . . to give reasonable attention to the protection of their own interests. Hanson v. Acceptance Finance Co., Inc., 270 S.W.2d 143 (Mo.App.1954).
*599 Accordingly, the Court concludes that the release operates to bar plaintiff's claim against Meredith Corporation.
With reference to defendant Morris' motion for summary judgment, an additional factor arises. After Appleton-Century-Crofts was sold to Prentice-Hall, a second edition of Morris' book was issued. Thus, a second issue arises: does the release operate as a bar to plaintiff's claims with reference to the second edition of Morris' book? The Court concludes that summary judgment would be inappropriate. The Court concludes that the release does operate as a bar to plaintiff's claims of infringement and unfair competition as to the first edition, "Psychology, An Introduction". The release states that plaintiff
. . . also releases Charles G. Morris, as author . . . of a book entitled "PSYCHOLOGY AN INTRODUCTION" from any liability to him arising out of the writing or publication of said book and specifically (but without limiting the generality of the foregoing) releases any claims which the undersigned has or might have arising out of the use of his name . . . or for copyright infringement by reason of the writing . . of said book.
The issue is whether the release applies prospectively. Defendant Morris argues that it does so apply noting that with reference to the release to Appleton-Century-Crofts, the release states "from the beginning of time up to the date hereof" but that in that portion of the release referring to defendant Morris, there is no such time qualification. While it is possible that the release may apply prospectively, cf., Shatterproof Glass Corporation v. Libbey-Owens-Ford Company, 482 F.2d 317 (6th Cir. 1973), the Court concludes that such determination can not be made based upon the record herein. See Broadview Chemical Corporation v. Loctite Corporation, 406 F.2d 538 (2d Cir. 1969); 66 Am.Jur.2d Release § 28 et seq.
Accordingly, defendant Meredith's motion for summary judgment will be granted. The motion of defendant Morris will be granted with respect to plaintiff's claims based upon Morris' authorship of the first edition of "Psychology, An Introduction" but will be denied with respect to plaintiff's claims based upon his authorship of the second edition of the same.