486 F.Supp. 1296 (1980)
Dr. Frank McMAHON, Plaintiff,
v.
PRENTICE-HALL, INC. et al., Defendants.
No. 77-598C(2).
United States District Court, E. D. Missouri, E. D.
March 26, 1980.
*1297 *1298 John M. Howell, Richard E. Haferkamp, Rogers, Eilers & Howell, St. Louis, Mo., for plaintiff.
George S. Hecker, Charles A. Weiss, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for Prentice-Hall, Inc.
Robert S. Allen, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for Charles Morris.
J. Richard McEachern, Guilfoil, Symington, Petzall & Shoemake, St. Louis, Mo., for Meredith Corp.

MEMORANDUM

I
NANGLE, District Judge.
This case is now before the Court on defendants' motions for summary judgment and to strike plaintiff's jury demand. Plaintiff brought this suit pursuant to 28 U.S.C. §§ 1332 and 1338 alleging copyright infringement, fraud, breach of contract, breach of fiduciary duty, and breach of implied covenants.
Plaintiff is Dr. Frank B. McMahon, a psychology professor and the author of the introductory psychology textbooks allegedly infringed by defendants. Defendants are Dr. Charles G. Morris, likewise a psychology professor, and author of the allegedly infringing works, and Prentice-Hall, Inc., the publisher of both plaintiff's and Morris' textbooks. Originally, Meredith Corporation, the predecessor publisher of the books involved was also a defendant, but summary judgment was granted as to Meredith Corporation on the basis of a release executed by plaintiff. McMahon v. Prentice-Hall, Inc., 443 F.Supp. 596, aff'd 595 F.2d 433 (8th Cir. 1979).
Involved in this litigation are seven books and a manuscript. Plaintiff is the author of three editions of Psychology, The Hybrid Science. He has also authored Abnormal Behavior: Psychology's View, and the manuscript for that book. Defendant Morris is author of three editions of Psychology, An Introduction.
Plaintiff's complaint is in six counts. One count has previously been dismissed by plaintiff. Plaintiff's major claim is presented in Count II. In this count, plaintiff alleges that he is the owner of an equitable copyright in the books authored by him and published by defendant Prentice-Hall, as well as the owner of a common-law copyright in the Abnormal Behavior manuscript. Plaintiff further alleges that the books authored by defendant Morris and published by defendant Prentice-Hall infringe these copyrights.
The remaining four counts seek to recover from defendant Prentice-Hall via differing legal theories and variations of the facts alleged in Count II. Count I alleges that during the negotiations leading to plaintiff's publishing contracts with Prentice-Hall, Prentice-Hall falsely and fraudulently represented that it would not engage in conduct detrimental to plaintiff's books, which representations were breached by the publication of the infringing Morris books. Count III alleges that plaintiff is entitled to receive royalties from the sales of the Morris books, since those books infringe plaintiff's copyrights. Count IV alleges that Prentice-Hall breached its fiduciary duty to plaintiff through the publication of infringing books. Finally, Count VI alleges that *1299 Prentice-Hall breached implied covenants and contracts by promoting and selling the infringing Morris books.
The various counts are not phrased in terms of "infringement" or "infringing books". The substance of each count, however, clearly appears to be bottomed on the assertion that the Morris books infringe plaintiff's copyrights. Without such a basis, this Court does not believe a cause of action would be stated in those counts. Cf. Alexander v. Haley, 460 F.Supp. 40 (S.D.N. Y.1978). Defendants have, therefore, moved for summary judgment on each count on the basis that there is no substantial similarity between the authors' works, and therefore no infringement. This Court must agree that if summary judgment is appropriate as to the issue of "substantial similarity" and, therefore, infringement, plaintiff's complaint must be dismissed in its entirety.

II.
Before reaching defendants' motions for summary judgment, this Court must initially deal with defendants' motion to strike plaintiff's demand for a jury trial. The standards to be applied, and the appropriateness of summary judgment, will necessarily depend on whether or not this case is to be tried to a jury. Nunez v. Superior Oil Co., 572 F.2d 1119 (5th Cir. 1978). See Part III, infra.
Plaintiff requests various forms of relief in his complaint, some of which are unquestionably equitable and some of which are unquestionably legal. Plaintiff initially requests that his publishing contracts with Prentice-Hall be terminated, and that Prentice-Hall assign the copyrights to his books to him. He further seeks injunctions against the further publication and sale of the Morris books and further infringement of his copyrights, as well as impoundment of all copies of the Morris books. Monetarily, plaintiff seeks recovery of the profits Prentice-Hall has earned on the Morris books, royalties from the sales of the Morris books, statutory copyright infringement damages, plus actual and punitive damages.
Plaintiff is clearly seeking both legal and equitable relief. Though defendants characterize the legal relief as "incidental" to the equitable relief, such a characterization is not justification for the denial of a jury trial where the legal claims would entitle a party to such a trial if those claims were presented on their own. Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). It is also clear that merely because portions of plaintiff's prayer seek an "accounting" the right to trial by jury is not lost. Only when the accounts involved are of such a complicated nature that only a court of equity can unravel them is the right lost; such circumstances will only rarely arise. Id. See, also, Bernstein v. Universal Pictures, 79 F.R.D. 59, 67 (S.D.N.Y.1978).
There is dispute among the courts as to whether a party is entitled to a trial by jury in a suit seeking only statutory damages. Compare Broadcast Music, Inc. v. Papa John's Inc., 201 U.S.P.Q. 302 (N.D.Ind. 1979); Cayman Music, Ltd. v. Reichenberger, 403 F.Supp. 794 (W.D.Wis.1975), with Chappell & Co., Inc. v. Pumpernickel Pub, Inc., 79 F.R.D. 528 (D.Conn.1977); Chappell & Co. v. Cavalier Cafe, 13 F.R.D. 321 (D.Mass.1952). In this case, however, plaintiff seeks not merely statutory damages but also actual and punitive damages. It has long been held that an action to recover actual damages for copyright infringement is legal in nature and the parties are entitled to a trial by jury. Arnstein v. Porter, 154 F.2d 465 (2d Cir. 1946). Dairy Queen, supra at 477 n.15, 82 S.Ct. at 899. Even assuming there is no right to trial by jury on the claim for statutory damages, the combination of these claims, with unquestionably legal claims for actual damages in a single complaint does not deprive plaintiff of his right to trial by jury on the legal claims.
Defendants also seek to strike the jury demand due to the equitable nature of plaintiff's copyrights. Equity is necessary only to recognize plaintiff's right to bring this infringement action; the underlying *1300 claim is, as previously mentioned, legal in character. Under these circumstances, the equitable nature of plaintiff's copyright does not deprive plaintiff of his right to a jury trial. Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). In any event, in only one count is plaintiff seeking to recover for the actual infringement of the copyright. The remaining counts assert fraud, breach of covenant, and other theories to which the infringement is merely an element. Whether plaintiff has an equitable or legal copyright is immaterial to these counts.
Finally, defendants argue that the case as structured by the plaintiff is beyond the practical abilities and limitations of a jury. This Court must concede that the thought of attempting to present this case to the jury in an organized and comprehensible fashion is troubling. This case does not appear significantly more complex or unmanageable than other cases, however. The complexities of this case do not appear to approach those of Bernstein, supra, a case on which defendants heavily rely. In some situations, the complexity of the case alone might well dictate the refusal of a jury demand, but this is not the case. Defendants' motion to strike the jury demand will therefore be denied. In re United States Financial Securities Litigation, 609 F.2d 411 (9th Cir. 1979).

III.
Plaintiff claims in Count II that defendants infringed his equitable copyrights in the works in question. An essential element of plaintiff's claim in this count is the proof that the allegedly infringing and infringed works are substantially similar. Reyher v. Children's Television Workshop, 533 F.2d 87 (2d Cir. 1976); Arnstein, supra; Fuld v. National Broadcasting Company, Inc., 390 F.Supp. 877 (S.D.N.Y.1975); Nimmer on Copyright, §§ 8.01[G], 13.03[A], 13.03[D]. Similarly, as previously discussed, a finding of substantial similarity is essential to plaintiff's proof on the remaining counts.
In opposition to the present motion for summary judgment, plaintiff claims that this Court must hear evidence as to why the works are to be considered substantially similar. It is true that evidence as to the development of the works in question, the sources and originality of the authors' material, the limited vocabulary available to explain the scientific concepts discussed, and explanations of the technical subjects covered are relevant to the disposition of this case. McGraw-Hill, Inc. v. Worth Publishers, Inc., 335 F.Supp. 415 (S.D.N.Y. 1971); Arnstein, supra; Toksvig v. Bruce Pub. Co., 181 F.2d 664 (7th Cir. 1950); Meredith Corporation v. Harper & Row Publishers, Inc., 378 F.Supp. 686 (S.D.N.Y.) aff'd 500 F.2d 1221 (2d Cir. 1974); Higgins v. Baker, 309 F.Supp. 635 (S.D.N.Y.1970). These matters are not relevant, however, to the limited issue of whether the works in question are, in fact, substantially similar; these matters are only relevant to a determination of whether substantial similarity, once proven, implies copying. Greenbie v. Noble, 151 F.Supp. 45 (S.D.N.Y.1957); Arnstein, supra; Rehyer, supra; Toksvig, supra.
For present purposes, therefore, the only relevant facts are the works themselves. Obviously, there can be no dispute as to the contents of the works. The issue at present is whether this Court may, after review of the works in question, properly rule via summary judgment.
The standard to be applied to defendants' motion for summary judgment is clear.
The standards for summary judgment are well settled in this circuit. We have repeatedly recognized that summary judgment is an extreme remedy and one which is not to be entered unless the movant has established its right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances. Bellflower v. Pennise, 548 F.2d 776 (8th Cir. 1977); Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207 (8th Cir. 1976); Percival v. General Motors Corp., 539 F.2d 1126 (8th Cir. 1976); Windsor v. Bethesda General Hospital, 523 F.2d 891 (8th Cir. 1975).

*1301 In passing upon a motion for summary judgment the court is required to view the facts in the light most favorable to the party opposing the motion and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in the pleadings, depositions and affidavits filed in the case. Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Robert Johnson Grain Co. v. Chemical Interchange Co., supra, 541 F.2d at 210; Percival v. General Motors Corp., supra, 539 F.2d at 1129.
Equal Emp. Opportunity Com'n. v. Liberty Loan Corp., 584 F.2d 853, 857 (8th Cir. 1978). See, also, Williams v. Evangelical Retirement Homes, 594 F.2d 701 (8th Cir. 1979).
The instant motions for summary judgment present the issues of copyright infringement and substantial similarity in two separate and distinct aspects, each of which requires differing application of the standards for summary judgment. First is the issue of whether, even assuming substantial similarity, this similarity relates to interests protected by plaintiff's copyrights. As to this aspect, there are clearly no facts in dispute. This Court has reviewed the works, and they obviously speak for themselves. The only remaining issue is the legal one of whether plaintiff is asserting an infringement of a protectable interest. This issue may clearly be disposed of via summary judgment. Alexander v. Haley, supra; Musto v. Meyer, 434 F.Supp. 32 (S.D.N.Y.1977).
Resolution of this aspect of the case will leave the question of whether the works are substantially similar with respect to elements which are protected by plaintiff's copyrights. Defendant urges that the works themselves are the only "facts", and that this Court may rule whether they are substantially similar. This Court must disagree. When a jury is called for, it must determine not only the underlying facts, but also the inferences or conclusions to be drawn from those facts. "Evidentiary facts, though undisputed, do not always conclusively establish the ultimate fact at issue. When the ultimate fact is to be inferred from evidentiary facts, the choice between permissible inferences is for the trier of facts." Walker v. U. S. Gypsum Co., 270 F.2d 857, 862 (5th Cir. 1959), cert. denied 363 U.S. 805, 80 S.Ct. 1240, 4 L.Ed.2d 1148 (1960). See, also, Nunez, supra at 1124.
Even though there is obviously no dispute as to the "fact" of what the books contain, the issue of whether these "facts" lead to a conclusion that the books are substantially similar is a question for the jury. Malkin v. Dubinsky, 146 F.Supp. 111 (S.D.N.Y.1956); Arnstein, supra; Nimmer on Copyright, § 13.03[E][1]; cf. Frito-Lay, Inc. v. So Good Potato Chip Co., 540 F.2d 927 (9th Cir. 1976); Graver Mfg. Co. v. Linde Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097 (1950).
Though the issue of substantial similarity of the works is for the jury, summary judgment is not necessarily precluded under all circumstances. For it is clear that this Court should grant summary judgment if it would later be bound to direct a verdict in favor of defendants. Kern v. Tri-State Insurance Company, 386 F.2d 754 (8th Cir. 1968); Chambers v. United States, 357 F.2d 224 (8th Cir. 1966); Wolf v. Schaben, 272 F.2d 737 (8th Cir. 1959); Rubenstein v. Dr. Pepper Co., 228 F.2d 528, 532-533 (8th Cir. 1955); Durasteel v. Great Lakes Steel Corp., 205 F.2d 438, 441 (8th Cir. 1953). That determination may appropriately be made at the present time since, as stated earlier, the only facts relevant to the determination of whether the works are substantially similar, i. e. the works themselves, are presently before the Court and not in dispute. If an examination of those works shows that a verdict would be directed in defendants' favor on the issue of substantially similarity, summary judgment should be granted at this time.
The standards that a federal court is to apply in passing upon a motion for directed verdict are well settled. The question *1302 is whether there is sufficient evidence to support a jury verdict against the moving party. Schneider v. Chrysler Motors Corp., 401 F.2d 549, 554 (8th Cir. 1968). In deciding this question, the trial court must view the evidence in the light most favorable to the nonmoving party and he must be given the benefit of all legitimate inferences without assessing credibility. Banks v. Koehring Co., 538 F.2d 176 (8th Cir. 1976). However, "[a] jury is permitted to draw only those inferences of which the evidence is reasonably susceptible, and may not be permitted to resort to speculation." Viking Theatre Corp. v. Paramount Film Distrib. Corp., 320 F.2d 285, 296 (3d Cir. 1963), aff'd by an equally divided court, 378 U.S. 123, 84 S.Ct. 1657, 12 L.Ed.2d 743 (1964); see Twin City Plaza, Inc. v. Central Sur. & Ins. Corp., 409 F.2d 1195, 1202-03 n.8 (8th Cir. 1969). When the evidence is so one-sided as to leave no room for any reasonable difference of opinion as to how the case should be decided, it should be decided by the court as a matter of law rather than submitted to a jury for its determination. Kennedy v. U. S. Construction Co., 545 F.2d 81, 82 (8th Cir. 1976); Gillette Dairy, Inc. v. Hydrotex Inds. Inc., 440 F.2d 969, 971 (8th Cir. 1974).
Admiral Theatre Corp. v. Douglas Theatre Co., 585 F.2d 877, 883 (8th Cir. 1978); see, also, Lisa-Jet, Inc. v. Duncan Aviation, Inc., 569 F.2d 1044 (8th Cir. 1978); Zoll v. Eastern Allamakee Community Sch. Dist., 588 F.2d 246 (8th Cir. 1978).
In the present situation, the facts do not present any issues of credibility or leave any inferences to be drawn. This Court must merely decide, therefore, whether the jury could possibly be justified in concluding, upon an examination of the books in question, that the works are substantially similar as to protectable elements. Cf. Arnstein, supra.

IV.
It is not entirely clear which elements of Morris' books plaintiff is claiming have infringed his copyrights. Throughout the pleadings and the voluminous memoranda filed with respect to the present motion, numerous and varying claims are made. This Court will try to deal with each of these claims.
The works in question are college-level introductory psychology books. As such, it is to be expected that the books will cover the same topics and concepts. Lapsley v. American Institute of Certified Public Account., 246 F.Supp. 389 (D.D.C.1965); McGraw-Hill, Inc., supra. The fact that the works do cover the same subject matter obviously can not amount to infringement.
Plaintiff's textbook is written in a light and easily readable style. He has written in the first person and frequently utilizes colloquialisms and examples which are likely to be easily related to by the young market to which the books are directed. On this motion for summary judgment, this Court will accept as true plaintiff's claims that his textbooks are more interesting to college students than the average psychology textbook. This Court will also accept plaintiff's assertion that he was the first author of such textbooks to depart from the dry and serious tone previously employed.
Morris has followed this style to a large extent. His books are also designed to do more than just impart information to the reader; they are designed to hold the reader's interest and attention while doing so. Though there are differences in styleMorris writes in the third person, for examplea jury might well be justified in concluding that Morris has adopted the writing style plaintiff initially utilized.
Such a finding, though, would not amount to copyright infringement. A writer may not claim a monopoly on a particular writing style by virtue of a copyright. Ricker v. General Electric, 162 F.2d 141 (2d Cir. 1947). In Ricker, the plaintiff had written materials which expounded scientific information in a form readable and understandable by the layman. The plaintiff claimed that his purpose and methods of conveying such information to the layman had been copied by the defendant. The *1303 court rejected the notion that such a claim could amount to copyright infringement.
And in considering that issue [infringement] it must be remembered that the plaintiff has no monopoly of the scientific information with which her book deals; nor has she a monopoly of the idea of expounding such information in simple language comprehensible by lay readers. Ricker, id. at 142.
In the present case, therefore, plaintiff may not claim copyright infringement due to Morris' alleged adoption of a writing style initially utilized by plaintiff and found interesting by readers.
Plaintiff repeatedly claims that the concepts and ideas in his books were copied by Morris. Indeed, plaintiff's compilation of the alleged infringements shows, at the very least, that many of the concepts in plaintiff's books are also present in defendant Morris' books. It is clear, however, that a writer does not obtain a copyright on ideas or concepts. McGraw-Hill, Inc., supra; Alexander, supra; Reyher, supra; Funkhouser v. Loew's, Inc., 208 F.2d 185 (8th Cir. 1953). The similarity of content of the works, with respect to concepts and ideas, does not amount to copyright infringement. It is also clear that plaintiff owns no copyright on the rendition of historical facts or the recounting of experiments done by other psychologists over the years. Alexander, supra.
Similarly, plaintiff may not claim copyright infringement due to the utilization by Morris of theories first espoused by plaintiff in his works. Theories, as such, are not copyrightable. McGraw-Hill, Inc., supra; cf. Univ. Athl. Sales v. Salkeld, 511 F.2d 904 (3rd Cir. 1975). Were such not the case, the development and discussion of scientific principles would be severely curtailed.
Plaintiff repeatedly claims that he was the first author to treat certain subjects in a particular way or to analyze concepts to reach the results contained in his books. Defendants do not concede that plaintiff's analysis or treatment are unique or original; nor do they concede that the corresponding subjects are treated in a substantially similar manner in the Morris books. On this motion for summary judgment, plaintiff's assertions will be taken as true. Nevertheless, no claim of copyright infringement is shown.
It is difficult to see how plaintiff's "treatment" or "analysis" is to be distinguished from his theories, ideas, concepts, or style of writing. As previously stated, substantial similarity of these elements does not amount to copyright infringement. Likewise, similarity of treatment or analysis does not amount to copyright infringement.
Plaintiff also asserts that defendants have infringed his copyrights through the utilization in the Morris books of photographs which were also utilized in plaintiff's books. The common pictures amount to only a small percentage of the photographs utilized in each work. Even accepting plaintiff's proposition that a claim of infringement can be stated with respect to photographs to which plaintiff does not have the copyright, no such claim is shown here. It may well be true that a party, through the collection and arrangement of numerous photographs to which the party does not have the copyright, can obtain a copyright on that unique collection and arrangement. See, for example, Miller v. Universal City Studios, Inc., 460 F.Supp. 984 (S.D.Fla.1978); Fred Fisher, Inc. v. Dillingham, 298 F. 145 (S.D.N.Y.1924); Leon v. Pacific Telephone & Telegraph, 91 F.2d 484 (9th Cir. 1937). Such a copyright might well be infringed if a second author utilized that same set of photographs. In the instant case, however, defendants' books use only a small percentage of the photographs used by plaintiff. In such circumstances, no infringement can be claimed.[1]
None of the previously discussed elements are separately subject to copyright protection. *1304 The fact that the defendants' works may present the same ideas, concepts, and theories in the same style similarly does not amount to copyright infringement.

V.
"Ideas as such are not subject to copyright. . . . Nor is the right to the use of certain words protected by copyright. A copyright secures the right to that arrangement of words which the author has selected to express his ideas." (citations omitted). Funkhouser, supra at 189. "It is an axiom of copyright law that the protection granted to a copyrightable work extends only to the particular expression of an idea and never to the idea itself." Rehyer, supra at 90. "Plaintiff's right is to the arrangement of the words he has selected to express his ideas, not to the ideas or the words themselves." Lapsley, supra at 391. See, also, Holmes v. Hurst, 174 U. S. 82, 19 S.Ct. 606, 43 L.Ed. 904 (1899); Ricker, supra.
Two works may be considered to be substantially similar of expression when an average lay observer would recognize the allegedly infringing work as an appropriation of the copyrighted work. McGraw-Hill, Inc., supra; Arnstein, supra; Funkhouser, supra. The test is whether the resemblance would be recognized by ordinary observation, not fine analysis or argument. Greenbie, supra. "[H]ypercritical disection of sentences and incidents" should not be resorted to in an attempt to show substantial similarity. Funkhouser, supra at 188; Alexander, supra.
It is with these principles in mind that this Court proceeds to the final step in the analysis of the present motions for summary judgmentwhether the issue of substantial similarity is so one-sided that the defendants would be entitled to a directed verdict in their favor. See discussion supra, Part III. Upon review of the works in question, as well as the various compilations presented with respect to the instant motions, this Court must conclude that summary judgment is appropriate.
Plaintiff has presented a compilation of the allegedly infringing passages of the Morris books juxtaposed with the sections of his books which are allegedly infringed by the particular Morris passages. Only the passages directly involved are presented. As such, plaintiff has apparently done that which Funkhouser and Alexander cautioned should not be donecompiled widely scattered passages to show substantial similarities. Defendants argue that the works must be viewed as a whole, and the passages excerpted by plaintiff considered in the context of the sections in which they appear. Though defendants are undoubtedly correct, such an analysis has proven to be superfluous in this case. Even looking only at the excerpts compiled by plaintiff, it is clear beyond cavil that there is no substantial similarity of expression in the works.
As stated earlier, the passages compiled by plaintiff show that a great many of the ideas and concepts discussed by plaintiff are also discussed in the Morris books. The discussion of these common concepts and ideas, however, is clearly not in terms or words which are substantially similar. Though obviously plaintiff need not show a direct quote from his books utilized by Morris, there must be substantial similarity of expression between the corresponding passages. There is no similarity of expression at all. Were this case to be tried, defendants would be entitled to a directed verdict on the issue of substantial similarity. Summary judgment will therefore be granted at this time.

VI.
Plaintiff originally filed this suit more than two and one half years ago. Since that time, very extensive discovery has taken place. The parties have gone to the Eighth Circuit and come back again. Plaintiff's sincerity in his belief that defendants have infringed his works can not be questioned. Undoubtedly his belief that he has been wronged can only be magnified by the fact that his own publisher is also the publisher of the allegedly infringing works. A friendly and amicable working relationship is obviously difficult in such a situation.
*1305 Plaintiff's sincerity does not justify the perpetuation of this action, however. This action might well be characterized in the words of Dellar v. Samuel Goldwyn, Inc., 150 F.2d 612, 613 (2d Cir. 1945):
The action as a whole has been built up, partly upon a wholly erroneous understanding of the extent of copyright protection; and partly upon that obsessive conviction, so frequent among authors and composers, that all similarities between their works and any others which appear later must inevitably be ascribed to plagiarism.
Many of plaintiff's objections to Morris' books do not relate to elements of plaintiff's works which are copyrightable. As to the protection which is afforded by the copyright laws, it is obvious that there has been no infringement by defendants. Defendants' motions for summary judgment will be granted and this case will be dismissed at plaintiff's costs.
NOTES
[1] It should be noted that some of the photographs plaintiff points to are not even identical, but merely portray similar scenes.