491 F.Supp. 526 (1980)
KNICKERBOCKER TOY CO., INC., Plaintiff,
v.
GENIE TOYS INC., Defendant.
No. 79-1186-C(C).
United States District Court, E. D. Missouri, E. D.
June 13, 1980.
*527 Ralph W. Kalish, Kalish & Gilster, St. Louis, Mo., Stoll & Stoll, New York City, for plaintiff.
Harold I. Elbert, Kohn, Shands, Elbert, Gianoulakis & Gilum, Donald G. Leavitt, Senniger, Powers, Leavitt & Roedel, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court on plaintiff's motion for summary judgment on the issue of liability alone. For the reasons stated below, plaintiff's motion shall be granted.
Plaintiff is a large manufacturer of toys which began its business in 1927. Plaintiff's major business recognition comes from its stuffed rag character dolls and animals based on widely known and read story books for children. One of the fictional and literary characters among the stuffed rag dolls produced by plaintiff is that named "CASEY JONES," based on the Ballad of Casey Jones. Plaintiff's CASEY JONES is a stuffed dog doll dressed in the uniform of a locomotive engineer. It is a widely recognized and immensely popular character toy enjoyed by children and adults alike.
On February 18, 1976, a certificate of copyright registration was issued to plaintiff and/or its predecessors, and since February 9, 1975, plaintiff has been the sole proprietor of all right, title and interest in the copyright and the CASEY JONES dog doll.
Defendant is a Missouri corporation engaged in the manufacture of similar stuffed doll toys, in particular a toy which appears strikingly similar to the CASEY JONES doll of plaintiff. Defendant's doll was produced after that of plaintiff had been on the market for some time, and after plaintiff *528 was issued its copyright registration, No. Gp104720.
After learning of the existence of defendant's doll and efforts to sell the same on a national basis, plaintiff brought suit against defendant for a violation of 17 U.S.C. § 501-505 for copyright infringement. Plaintiff seeks an injunction against the further manufacture and sale of defendant's doll, the destruction of the defendant's and its customer's unsold stock of the doll, and actual damages to be trebled, or statutory damages of $50,000, to be awarded at plaintiff's option.
Thereafter, on April 18, 1980, plaintiff filed its motion for summary judgment. Recognizing that summary judgment is an extreme remedy in which the Court may not try factual issues, plaintiff nevertheless contends that a side-by-side comparison of the dog dolls in question, in addition to the total record presented in this case, requires a directed verdict for plaintiff. As such, plaintiff contends that a grant of its motion for summary judgment at this stage would be appropriate. The Court agrees.
At the outset, it is clear that summary judgment is entirely appropriate in an action for copyright infringement. Ferguson v. National Broadcasting Co., Inc., 584 F.2d 111 (5th Cir. 1978). The Court is further aware that on a motion for summary judgment, it is required to view the case in the light most favorable to the nonmoving party and to give it the benefit of all reasonable inferences. Summary judgment should not be granted unless it is clear beyond all controversy that the moving party is entitled to judgment as a matter of law. However, it must be recognized that summary judgment is a useful tool whereby needless trials may be avoided, and it should not be withheld in an appropriate case. Bellflower v. Pennise, 548 F.2d 776 (8th Cir. 1977).
While a motion for summary judgment ordinarily should not be granted if it appears that the position of the party opposing the motion would be supported at trial by substantial evidence, still it must be kept in mind that "substantial evidence" is more than a "mere scintilla." It must be such evidence as a reasonable mind would accept as sufficient to support a conclusion; it must do more than create a mere suspicion of the existence of a fact or state of facts. It must be enough to justify a trial judge in denying a directed verdict for the moving party at the conclusion of a jury trial. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).
A side-by-side comparison of the two dog dolls in question in this case establishes that the similarity is so striking that a directed verdict is appropriate.
A brief description of the two dogs in question is in order. Both dogs are nearly identical in size, shape, and color. Both dogs have nearly identical eyes, nose, mouth, and facial characteristics. The clothing, that of a railroad engineer, is nearly identical on both dogs. Aside from minor color differences in skin tone, the only major difference between the dolls is a handkerchief around the neck of plaintiff's doll. Plaintiff's doll is heavier than defendant's, and a general overview of both dolls establishes that defendant's is clearly a cheaper version of that produced by plaintiff.
It has been held that a side-by-side comparison of the works involved in a copyright infringement action is both proper and appropriate. McMahon v. Prentice Hall, 486 F.Supp. 1296 (E.D.Mo., 1980). Further, "in some cases, the similarities between plaintiff's and defendant's work are so extensive and striking as, without more, both to justify an inference of copying and to prove improper appropriation." Arnstein v. Porter, 154 F.2d 464, 465 (2d Cir. 1946).
Defendant denies that it copies plaintiff's doll and contends alternatively that because the doll involved is a representation of an animal in a "stereotyped" engineer's uniform, that plaintiff may not be heard to object to defendant's doll because it merely combines common ideas as opposed *529 to unique representations of the same. As such, defendant contends that no copyright may be had over such "common ideas." These contentions are not well taken. Had plaintiff marketed a dog doll by itself, no copyright might have been issued. However, defendant's attempt to characterize plaintiff's dog in a "stereotyped" engineer's uniform as a common idea approaches new heights in absurdity. While such a phenomenon might exist, it is hardly so common as to require the conclusion that this combination is common or somehow in the public domain.
The fact is that plaintiff, through combining a dog with an engineer's uniform, has arrived at a very successful and very well received idea in the national toy marketplace. Its acceptance by the public has been established by the immense sales success of the doll. Indeed, defendant is not the first to have been found to have copied plaintiff's successful idea. In Knickerbocker Toy Co., Inc. and Margaret E. Rey v. Etone International, Inc., et al., No. 79-3500 (D.N.J., March 10, 1980), this same plaintiff won an injunction against an infringer involving the very same CASEY JONES dog doll and a competitor's copy. It is clear that defendant in this action had access to plaintiff's dog doll before marketing its own, as well as that of Etone International, Inc., which attempted to market a similar dog doll.
It appears that the defendant controverts plaintiff's assertion that it copied plaintiff's doll with mere denials. This is not enough, even on a motion for summary judgment, to satisfy defendant's burden to explain the striking similarity and overcome the inference of copying. In Ferguson v. National Broadcasting Co., Inc., supra, the court held that even without proof of direct evidence of copying, the plaintiff "could still make out her case [of copyright infringement] if she showed that the two works were not just substantially similar but were so strikingly similar as to preclude the possibility of independent creation. In view of the similarity between the two dolls in this case, as well as plaintiff's registered certificate of copyright, the Court finds that defendant's doll is a copy of that produced by plaintiff. This inference is particularly persuasive in view of the constructive notice defendant had by virtue of plaintiff's possession of a copyright certificate.
Finally, 17 U.S.C. § 501 and the cases which have interpreted it liberally establish that an intention to infringe is not necessary for plaintiff to prevail in a case of copyright infringement. Wihtol v. Crow, 309 F.2d 777 (8th Cir. 1962). Nor would defendant's ignorance of plaintiff's copyright be of any help to it in defending a copyright infringement action. DeAcosta v. Brown, 146 F.2d 408 (2d Cir. 1944).
Title 17 U.S.C. § 501(a) provides in pertinent part, "anyone who violates any of the exclusive rights of a copyright owner . . is an infringer of the copyright." Against this section, the case law interpreting it, and the striking similarity of the two dog dolls in question in this case, the Court finds that a directed verdict would be required in favor of plaintiff were the case to be submitted to a jury, and as such, no useful purpose exists for allowing the same to go to trial. Accordingly, plaintiff's motion for summary judgment is granted.
Defendant is hereby enjoined from any further manufacture and sale of its dog doll. Further, defendant shall make an accounting of all inventories and profits received from the sale of the dog doll and render an accounting of the same to plaintiff and this Court within 30 days from the date of this order. The Court will rule on the question of damages at that time, within the limitations imposed by 17 U.S.C. § 504.