598 F.Supp. 445 (1984)
PERMA GREETINGS, INC., a Missouri corporation, Plaintiff,
v.
RUSS BERRIE & CO., INC., Defendant.
No. 82-0620-C(C).
United States District Court, E.D. Missouri, E.D.
June 7, 1984.
*446 Robert E. Metzler, Joseph F. Devereux, Jr., St. Louis, Mo., for plaintiff.
Roy A. Lieder, Frederick M. Woodruff, Gravely, Lieder & Woodruff, St. Louis, Mo., Charles A. Laff, Larry L. Saret, Lawrence R. Robins, Laff, Whitesel, Conte & Saret, Chicago, Ill., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the court on defendant's motion for summary judgment. For the following reasons, defendant's motion *447 will be granted in part and denied in part. Summary judgment will be granted with respect to counts II and IV and denied with respect to counts I and III.
The pertinent facts are set out in the court's memoranda of 15 February, 2 April 1984, and as follows. Plaintiff's second amended complaint seeks recovery on four counts: count I, fraudulent misrepresentation; count II, breach of contract; count III, punitive damages; count IV, copyright infringement.
Summary judgment is justified only when, viewing the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party, the moving party establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983).

Contract Claim
In its 2 April order, the court dismissed count I of plaintiff's first amended complaint because the alleged promise was unenforceable under the Statute of Frauds. See Mo.Rev.Stat. § 432.010. Count II of the second amended complaint is a repetition of count I, which was dismissed. Therefore, defendant's motion for summary judgment will be granted, and count II will be dismissed.

Copyright Claim
Three of plaintiff's original Mug Mat designs were denied protection by the Copyright Office because those "works do not contain any copyrightable matter, since words, titles, short phrases, lettering, coloring and slogans are not protected by copyright." U.S. Copyright Office letter to plaintiff, 4 October 1982. These designs included the message space design on the back, similar to both plaintiff's copyrighted products and defendant's plastic coaster, greeting card product.
Both defendant's and plaintiff's products are the same size, are made of the same materials, are over-laminated and polished on one side and matted on the other side, and both have rounded corners. Plaintiff's response to defendant's interrogatories lists the copyrighted work infringed, the registration relative to it, and the work of defendant alleged to infringe it. Plaintiff lists 16 such infringements. Defendant, in its motion for summary judgment, exhibits 2 through 17, has placed each of plaintiff's works on a separate sheet of paper along side defendant's work which allegedly infringes thereon.
Summary judgment may be proper in a copyright action where a comparison of the copyrighted work and the allegedly infringing work shows that substantial similarity is clearly lacking. O'Neill v. Dell Publishing Co., Inc., 630 F.2d 685, 690 (5th Cir.1980). Protection granted to a copyrighted work extends only to the particular expression of the idea and never to the idea itself. Sid and Marty Krofft Television v. McDonald's Corp., 562 F.2d 1157, 1163 (9th Cir.1977). See generally, Baker v. Seldon, 101 U.S. 99, 25 L.Ed. 841 (1879). Thus, a similarity of idea presents no infringement question; only when defendant's own expression "descends so far into what is concrete in a work as to invade its expression" does he violate the plaintiff's right and infringe the copyright. Sid and Marty Krofft, 562 F.2d at 1163.
The substantial similarity between the copyrighted work and the alleged copy, which is required for infringement, must be substantial similarity of expression, not substantial similarity of ideas. In Original Appalachian Artworks, Inc. v. Toy Loft, 684 F.2d 821 (11th Cir.1982), the court held that OAA could not copyright the idea of a soft-sculpture doll; the copyright could extend only to the peculiar expression of the idea embodied in OAA's "Little People" dolls. Further, although the idea-expression dichotomy failed to help the defendant in Toy Loft since the trial court found that the defendant had copied most, if not all, of the concrete features of OAA's dolls, the court explicitly cautioned trial courts not to be swayed in an infringement action by the *448 fact that two works embody similar or even identical ideas. Toy Loft, 684 F.2d at 829 n. 11. When viewing the similarity of expression, the court itself makes a comparison of the two works. If similarity of expressionas opposed to similarity or even identicality of ideasis clearly lacking, then summary judgment should be invoked. O'Neill, 630 F.2d 690.
It must be recognized that summary judgment is a useful tool whereby needless trials may be avoided, and it should not be withheld in appropriate cases. Bellflower v. Pennise, 548 F.2d 776 (8th Cir.1977). Here, the court would not be justified in denying a directed verdict for the defendant at the conclusion of the jury trial. A side-by-side comparison of each two coaster products in question in this case establishes a lack of substantial similarity so striking that a directed verdict would be appropriate. Therefore, summary judgment is appropriate. Kern v. Tri-State Insurance Company, 386 F.2d 754 (8th Cir.1968).
Indeed, this court has ruled that "at the outset, it is clear that summary judgment is entirely appropriate in an action for copyright infringement." Knickerbocker Toy Co. v. Genie Toys Inc., 491 F.Supp. 526, 528 (E.D.Mo.1980). And to arrive at summary judgment, "a side-by-side comparison of the works involved in a copyright infringement action is both proper and appropriate." Knickerbocker, 491 F.Supp. at 528, citing McMahon v. Prentice Hall, 486 F.Supp. 1296 (E.D.Mo.1980). In McMahon, the court noted that although the issue of substantial similarity of the works is for the jury, summary judgment is not necessarily precluded. 486 F.Supp. at 1303. The test of substantial similarity is whether the resemblance would be recognized by ordinary observation, not fine analysis or argument. 486 F.Supp. at 1304. In McMahon, the court held that, despite defendants' textbooks having presented a great many of the same ideas and common concepts in the same style employed by plaintiff, infringement did not exist because no similarity of expression existed. 486 F.Supp. at 1304.
In viewing each pair of coasters, the court bears in mind that the "theme," the "plot," the "ideas" always may be freely borrowed. Dellar v. Samuel Goldwyn, Inc., 150 F.2d 612, 612 (2nd Cir.1945). In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work. 17 U.S.C. § 102(b). Examples of works not subject to copyright include the following: words and short phrases such as names, titles, slogans; familiar symbols or designs; mere variations of typographic ornamentation, lettering or coloring; ideas, as distinguished from the particular manner in which they are expressed; blank forms which are designed for recording information and do not in themselves convey information. 37 C.F.R. § 202.1 (1983). Clichéd language, phrases and expressions conveying an idea that is typically expressed in a limited number of stereotypic fashions, are not subject to copyright protection. Alexander v. Haley, 460 F.Supp. 40, 46 (S.D.N.Y.1978).
In looking at the compared works, the court will reference its discussion to defendant's exhibits 2 through 17, the side-by-side presentations of the copyrighted works and alleged copies.
All items are mug-type coasters. The court notes, as matter of law, that the idea of such mug coasters is an idea unprotected by copyright. Indeed, plaintiff limits its complaints to the art work, in the substance of the designs as well as the boarders, and perhaps the words used. The message portion on the back is unprotected according to 37 C.F.R. § 202.1: it consists of a one line boardered area and the word message written inside the boarder near the top of the enclosed blank area.
Two of the products use the same phrase. Exhibit 10 shows use of the phrase "Hang in there." Exhibit 16 uses the phrase "Along the way take time to smell the flowers." Defendant's separate *449 exhibit 18 shows its use of the stereotypic phrase "hang in there" as early as 1979, before plaintiff's use. Further, such phrases are unprotected. Other exhibits show parallels in the use of the same words but in varied phrases, such as "enjoy" versus "I'd enjoy the day more;" "Mug me" versus "I love my mug;" and "A friend is someone special" versus "good friends are hard to find." The ideas of enjoyment, a drinking mug, friendship, sunshine, flowers, are all unprotected by copyright. Defendant's use thereof does not violate plaintiff's copyrights.
The court has reviewed the ornamental boarders of each pair of works. Solid lines, butterflies, rounded corners, arrondi lines with leaves attached, or irregular solid line boarders are not protected.
Remaining to be considered is the artistic rendition on the front of the coaster. A short comparison of the works should be set out in the court's discussion. See, e.g., Eden Toys, Inc. v. Marshall Field & Co., 675 F.2d 498, 500-501 (2nd Cir.1982).
In the following exhibits, the court finds no violation. Both works of exhibits 2 and 4 are mere words. Plaintiff's art work on exhibit 3 is an open-eyed mouse-like creature sitting on a one-leafed flower; defendant's art-work is a yellow mouse-like creature, eyes closed, dissimilar in appearance to plaintiff's mouse, sitting in a tea cup, having a patch-work quilt pulled to his chin and a night cap covering his head. Plaintiff's work on exhibit 5 is mere words; defendant's art is a turtle. Plaintiff's art on exhibit 6 is four men laughing; defendant's art is a sleepy bear with a mug. Plaintiff's art on exhibit 7 is four animals dancing; defendant has seven animals dancing. The idea of animals dancing is not protected; other than this common theme, there is no substantial similarity. Each coaster has in common a squirrel and a rabbit, however, these are not artistically similar. Plaintiff's art on exhibit 8 is a smiling lemon; defendant's art is a frog with a cup. Plaintiff's art on exhibit 9 is bubbles, with a smiling A and a smiling U; defendant's art is a rainbow with clouds attached. Plaintiff's art on exhibit 10 is a mouse hanging onto a bent flower stem with its two front paws; defendant's art is of a marsupial animal hanging from a different variety of flower by its tail. The theme of encouragement for a little creature to "hang in there," who is hanging onto a bent flower, is the type of idea not protected by copyright. Plaintiff's specific rendition is protected; however, there is no substantial similarity in the expression of the theme: the animals and flowers are completely different. Plaintiff's art on exhibit 11 is a green creature holding a mug; defendant's art is an animated beer glass holding an umbrella, wearing high-heels and pearls. Plaintiff's art on exhibit 12 is a green creature without a mug; defendant's art is a yellow-headed humanoid with two buck teeth, holding a white mug which also has a face with buck teeth. Plaintiff's art on exhibit 13 is two frogs, floating on water; defendant's scene is of a father and son bear fishing in a small body of water. Plaintiff's art on exhibit 14 is a rabbit and a bee; defendant's is a lone bovine.
Plaintiff's art on exhibit 15 is a porcupine facing a mouse; defendant's art is a panda following a turtle. Plaintiff's art on exhibit 16 is a mouse smelling a large flower; defendant's art is a mouse of dissimilar appearance smelling a group of small flowers. In this exhibit 16, as in some others, an idea is conveyed; here, "along the way take time to smell the flowers." The court, viewing the two coasters, notes that on a motion for directed verdict it would have to find that no ordinary observer would be disposed to overlook the disparities and regard the aesthetic appeal in the art-work of the two products as the same. See, Peter Pan Fabrics, Inc., v. Martin Weiner, 274 F.2d 487, 489 (2nd Cir.1960). Here, the aesthetic impact to be considered is not of a coaster, but of the art-work thereon. The court is aware that the key to the ordinary observer test is substantial similarities, not differences. See, Durham Industries, Inc. v. Tomy Corp., 630 F.2d 905, 913 (2nd Cir.1980). While no one disputes that the copyright extends beyond a photographic reproduction of the design, numerous differences *450 do under cut substantial similarity. Id., 630 F.2d at 913. Indeed, a defendant may legitimately avoid infringement by intentionally making sufficient changes in a work which otherwise would be regarded as substantially similar to the plaintiff's. Id., 630 F.2d at 913 n. 11. After careful review of each pair of coasters, it is apparent that substantial similarity is lacking.
Finally in exhibit 17, each coaster shows a panda sitting amongst flowers. Such a theme is unprotected. In the artistic rendering of the theme, there is no substantial similarity. Defendant is not prohibited by copyright law from putting its own rendition of a panda on a coaster, merely because plaintiff has a copyrighted panda on its coaster. Cf. Eden Toys, supra, 675 F.2d at 500-501 (snowmen).
This copyright action, as a whole, has been built up partly upon a wholly erroneous understanding of the extent of copyright protection; and partly upon that obsessive conviction, so frequent among authors and composers, that all similarities between their works and any others which appear later must inevitably be ascribed to plagiarism. Dellar v. Samuel Goldwyn, Inc., 150 F.2d 612, 613 (2nd Cir.1945).

Fraud and Punitive Damage Claims
Material questions of fact remain, and therefore summary judgment is inappropriate on counts I and III. Defendant's motion only addresses the fraud claim, insisting that the punitive damage claim stands or falls therewith. The court will rule likewise.
As defendant pointed out, under Missouri law, plaintiff must prove the following elements to maintain a fraud action: a representation, its falsity, its materiality, the speakers knowledge thereof, his intent it should be acted upon, the hearer's ignorance of the falsity, his reliance on the truth of it, his right to so rely, and his injury. Swyden v. James H. Stanton Construction Co., 336 S.W.2d 389, 392 (Mo. 1960). The depositions and pleadings show that plaintiff alleges and states a dispute as to the following facts.
Plaintiff offered to show defendant a product to see if a joint venture were possible. Defendant agreed, before viewing the product, not to produce it on his own. (Representation). Defendant did so produce it. (Falsity). If defendant had not so promised, plaintiff would not have shown defendant the product. (Materiality). William Dawson was in a position to make such a promise for Russ Berrie & Co., and should have known if his promise would have been carried out. (Knowledge). Dawson made the statement in order to see the product. (Intent). Vaughn trusted Dawson. (Plaintiff's ignorance of falsity). Plaintiff showed the product to defendant, thus sharing his idea. (Reliance). Plaintiff had a right to rely on defendant's promise. The injury is that, even though plaintiff already might have begun production of the coasters (as defendant alleges), he could have marketed them through defendant, had a joint venture gone through. Defendant may not have thought of the idea on its own. Therefore, plaintiff's revelation may have alerted defendant to the idea. By producing its own coaster, contrary to the alleged promise, it took away market share from plaintiff; thus the injury. If defendant made no such promise, it could have later produced the coaster after seeing that plaintiff introduced its own on the market. Such a right would not exist given a previous promise to the contrary.
That defendant already prevails on the copyright claim is of no consequence. Without a promise not to produce on its own, defendant could have made and sold the very coasters it did. However, from the deposition, plaintiff states that defendant agreed not to produce the product to be shown to him. That product was the plastic coaster. Defendant did produce a plastic coaster. If the finder of fact finds the elements as set out above, plaintiff may prevail on the fraud claim.

Jurisdiction
The court has jurisdiction over the remaining counts by virtue of diversity, 28 U.S.C. § 1332.

*451 Attorney's Fees

This issue of attorney's fees will not be decided at this time since defendant still maintains its cause of action against plaintiff.
An order has been entered accordingly, this date.

ORDER
A memorandum dated this day is made a part of this order.
IT HEREBY IS ORDERED that defendant's motion for summary judgment be and hereby is granted in part and denied in part. Summary judgment is granted with respect to counts II and IV; summary judgment is denied with respect to counts I and III. Counts II and IV are dismissed.