713 F.2d 433
 Fed. Sec. L. Rep. P 99,216, Fed. Sec. L. Rep. P 99,462
 William B. SILBERKLEIT, Plaintiff-Appellant,
v.
Wallace KANTROWITZ, individually, and as trustee of the
Kantrowitz 1975 Trust, and as trustee of the Mona Lee of
California Profit Sharing Plan; Wallace Kantrowitz and
Kayla Kantrowitz, husband and wife; Edward White,
individually; Edward White and Maxine White, husband and
wife; Lawrence Silberkleit, individually, and as trustee of
the Lawrence Silberkleit and Estelle Silberkleit Trust
Established on December 4, 1973, and as trustee of the Mona
Lee of California Profit Sharing Plan; Estelle M.
Silberkleit, individually; Lawrence Silberkleit and Estelle
M. Silberkleit, husband and wife; Mona Lee of California, a
California Corporation, and also as administrator of the
Mona Lee of California Profit Sharing Plan; Kellogg &
Andelson, a corporation; Mona Lee of California Profit
Sharing Plan, Defendants-Appellees.
 
 No. 82-5805.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 5, 1983.
Decided May 27, 1983.
 Michael J. Bayard, Shapiro & Maguire Law Corp., Beverly Hills, Cal., for plaintiff-appellant.
 Lorraine B. Moura, Buchalter, Nemer, Fields, Chrystie & Younger, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before WRIGHT and SCHROEDER, Circuit Judges, and EAST,* District Judge.
 SCHROEDER, Circuit Judge.
 
 
 1
 This appeal is from a district court order which stayed all proceedings in an action which included two claims within exclusive federal jurisdiction: one claim charged a violation of section 10(b) of the 1934 Securities Act, and the other, a breach of fiduciary duty under the Employee Retirement and Income Security Act (ERISA). The order was based on the district court's desire to avoid duplicative litigation. Since there already existed four separate state court actions involving the same parties and similar issues, the district court concluded that principles of collateral estoppel would resolve or limit the issues to be decided in federal court. Appellant contends that the district court had no discretion to stay those portions of the federal action which raised claims under exclusive federal jurisdiction. We agree.
 
 
 2
 As a threshold matter, appellees argue that we are without jurisdiction over this appeal. Although they correctly point out that as a general rule the "grant or denial of a stay of an action ... is not a 'final decision' appealable under 28 U.S.C. § 1291," Mediterranean Enterprises, Inc. v. Ssangyong, 708 F.2d 1458, 1461 (9th Cir.1983) (quoting Danford v. Schwabacher, 488 F.2d 454, 455 (9th Cir.1973)), the general rule is inapplicable in situations, as here, where the impact of the stay is such that the plaintiff is "effectively out of court." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., --- U.S. ----, ----, 103 S.Ct. 927, 933-34, 74 L.Ed.2d 765 (1983) (Moses H. Cone Hospital ) (quoting Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 715 n. 2, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962)). Since the Supreme Court's recent decision in Moses H. Cone Hospital is conclusive authority on the appealability of such stay orders, we must reject appellees' contention. We have jurisdiction under 28 U.S.C. § 1291.[1]
 
 
 3
 We now examine the merits of this appeal. We review the action of the district court in staying these federal proceedings for abuse of discretion. Herrington v. County of Sonoma, 706 F.2d 938, 939 (9th Cir.1983); Knaefler v. Mack, 680 F.2d 671 (9th Cir.1982). Accord, Moses H. Cone Hospital, supra, --- U.S. at ----, 103 S.Ct. at 939.
 
 
 4
 We observe initially that the district court's stay order in this case cannot be justified under any traditional abstention doctrine. Pullman abstention is inappropriate here because no federal constitutional issue is presented. See Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (abstention appropriate when federal constitutional issue might be mooted or presented in a different posture by state court determination of pertinent state law). Second, abstention under the standards set out in Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (Burford abstention) is inappropriate because any federal adjudication of the pendent state law issues in this case will not occasion an impermissible intrusion into "matters which are largely of local concern and which are within the special competence of local courts," International Brotherhood of Electrical Workers, Local No. 1245 v. Public Service Commission, 614 F.2d 206, 212 n. 1 (9th Cir.1980) (purpose of Burford abstention); the state and federal law issues are not inextricably intertwined and federal review will not disrupt state efforts to establish a coherent policy. Id. at 211; see Knudsen Corp. v. Nevada State Dairy Commission, 676 F.2d 374, 376-78 (9th Cir.1982).[2] Third, Younger abstention, see Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is inappropriate because that doctrine is only applicable to federal actions which interfere with state criminal proceedings or civil proceedings brought to vindicate vital state interests. See Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 431-432, 102 S.Ct. 2515, 2521-22, 73 L.Ed.2d 116 (1982); Miofsky v. Superior Court of State of California, 703 F.2d 332, 337-38 (9th Cir.1983). Moreover, resolution of the exclusive federal claims in this case will not interfere in any way with the ongoing state court proceedings.
 
 
 5
 Instead, the district court based its order on principles associated with the "wise judicial administration" exception to the exercise of jurisdiction. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 817-18, 96 S.Ct. 1236, 1246-47, 47 L.Ed.2d 483 (1976) (Colorado River ). The circumstances warranting the application of this exception, however, "are considerably more limited than the circumstances appropriate for abstention." Colorado River, supra, 424 U.S. at 818, 96 S.Ct. at 1246. A stay order based on principles of "wise judicial administration" may only be granted where "exceptional" circumstances exist. Id. Moreover, such orders must be consistent with "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Id. at 817, 96 S.Ct. at 1246 (citations omitted).
 
 
 6
 We have had prior occasion to consider the application of the wise judicial administration exception to cases involving claims under exclusive federal jurisdiction. In Turf Paradise, Inc. v. Arizona Downs, 670 F.2d 813 (9th Cir.), cert. denied, 456 U.S. 1011, 102 S.Ct. 2308, 73 L.Ed.2d 1308 (1982), we reviewed the district court's refusal to exercise jurisdiction over federal antitrust claims over which federal courts have exclusive jurisdiction. After determining that, as here, no traditional abstention doctrine was applicable, we concluded that the district court has no discretion to stay proceedings as to claims within exclusive federal jurisdiction under the wise judicial administration exception. We stated that this exception to the exercise of federal jurisdiction may be invoked only "when both the federal and state courts have concurrent jurisdiction over particular claims." Id. at 820-21; accord, Note, Federal Stays and Dismissals in Deference to Parallel State Court Proceedings: The Impact of Colorado River, 44 U.Chi.L.Rev. 641, 678 (1977).
 
 
 7
 This case is governed by our decision in Turf Paradise. Neither party disputes the fact that federal courts have exclusive jurisdiction over claims brought pursuant to section 10(b) of the 1934 Securities Act, 15 U.S.C. § 78j(b), or pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). See 15 U.S.C. § 78aa (exclusive federal jurisdiction over section 10(b) claims); 29 U.S.C. § 1132(e)(1) (exclusive federal jurisdiction over section 502(a)(3) claims). Thus, the district court had no discretion to stay proceedings on these exclusively federal claims. And although Turf Paradise addressed a dismissal of exclusively federal claims rather than a stay as here, the distinction is immaterial. The Supreme Court has stated that "a stay is as much a refusal to exercise federal jurisdiction as a dismissal." Moses H. Cone Hospital, supra, --- U.S. at ----, 103 S.Ct. at 943.
 
 
 8
 A recent Supreme Court opinion supports our interpretation of the wise judicial administration exception in Turf Paradise and its application here. In Arizona v. San Carlos Apache Tribe, --- U.S. ----, 103 S.Ct. 3201, 76 L.Ed.2d --- (1983), the Court decided that the federal actions should be dismissed but said that "a dismissal or stay of the federal suits would have been improper if there was no jurisdiction in the concurrent state actions to adjudicate the claims at issue in the federal suits." Id. at ----, 103 S.Ct. at 3210 (citing Colorado River, supra ).
 
 
 9
 We therefore conclude that the district court abused its discretion in issuing the stay order. Accordingly, we reverse the district court's order and remand this matter for further proceedings.
 
 
 10
 Reversed.
 
 
 
 *
 Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation
 
 
 [1]
 Our decision obviates any need to discuss appellant's request that we treat this appeal as a petition for a writ of mandamus under 28 U.S.C. § 1651, to compel the district court to hear the action. See Moses H. Cone Hospital, supra, --- U.S. at ---- n. 6, 103 S.Ct. at 933 n. 6 (extraordinary review by mandamus not available where same review may be obtained through contemporaneous ordinary appeal); Herrington v. County of Sonoma, 706 F.2d 938, 940 (9th Cir.1983)
 
 
 [2]
 We also note that the state pendent issues might not, in fact, be considered at all. We express no opinion as to whether on remand the district court may, consistent with principles of wise judicial administration, limit the proceedings to consideration of the claims within exclusive federal jurisdiction