**Debra Kay HARTMAN, Plaintiff,**

v.

**HALLMARK CARDS, INCORPORATED,**
**and Mattel, Inc., Defendants.**

No. 85–3157–CV–S–4.

United States District Court,
W.D. Missouri, S.D.

Feb. 27, 1986.

David Smith, Branson, Mo., and Charles Grimes, Stanford, Conn., for plaintiff.

Robert Driscoll, Judith Whittaker, Kansas City, Mo., and William McDonald, Springfield, Mo., for defendant Hallmark.

Frank M. Evans, Springfield, Mo., and Ronald Reagin, Los Angeles, Cal., for defendant Mattel.

818

## ORDER

RUSSELL G. CLARK, District Judge.

Defendant Hallmark Cards, Inc. has filed a motion for summary judgment on all counts. Plaintiff has filed a motion to strike the affidavit of Hallmark in-house counsel Judith Whittaker. Defendant's motion for summary judgment will be granted. Plaintiff's motion to strike affidavit will be denied.

The Court notes that the same issues raised by defendant Hallmark's motion for summary judgment are also applicable to defendant Mattel; however, there is no motion pending filed on behalf of Mattel.

On May 6, 1985, the plaintiff filed a seven count complaint against Hallmark Cards and Mattel Toy Company, Inc. Count I alleged copyright infringement. Count II alleged contributory copyright infringement. Count III alleged trademark infringement and false designation of origin. Count IV alleged contributory false designation of origin. Count V alleged false representation and false advertising. Count VI alleged misappropriation. Count VII alleged unfair competition. According to the complaint plaintiff has exclusive rights to the copyright material designated by the plaintiff as "the Rainbow Island Property." The plaintiff, in her complaint, alleges that the defendants infringed upon that copyrighted material in its videotape production of "Peril in the Pits", in its production of greeting cards and other paper products, in its manufacturing of dolls and other toys, and in a merchandising and licensing program conducted by defendant Hallmark Cards. In addition, the plaintiff alleges that what she has copyrighted in the "Rainbow Island Property" is "a unique color concept, namely, that things can be painted multi-colors with a rainbow."

In contemplating a motion for summary judgment under Rule 56, Fed.R.Civ.P., this Court is mindful of the strict standards imposed by the Eighth Circuit Court of Appeals. In *Klinge v. Lutheran Charities Ass'n of St. Louis*, 523 F.2d 56 (8th Cir.

1975), the Court stated that such a motion is to be viewed in the light most favorable to the opposing party who also must receive the benefit of all reasonable inferences obtainable from the material before the Court. In *Butler v. MFA Life Ins. Co.*, 591 F.2d 448 (8th Cir.1979), the Court held that summary judgment should not be granted unless the moving party has established his right to judgment with such clarity that no room for controversy remains and has demonstrated that the nonmoving party is not entitled to recover under any discernible circumstances. Copyright infringement cases often present extremely close issues of fact and summary judgment has been disfavored in cases involving intellectual property. However, summary judgment in a copyright infringement case is appropriate if reasonable minds could not differ as to the absence of substantial similarity in the expression. *Litchfield v. Spielberg*, 736 F.2d 1352, 1355–56 (9th Cir. 1984).

According to the plaintiff the disputed facts remaining include the custom and usage of the industry, what property owned by the defendant is allegedly infringing upon the plaintiff's copyrighted material, the accuracy of Hallmark's comparison of the story lines, and the alleged failure of Hallmark to address substantial similarities existing between the two copyrighted properties.

The plaintiff has moved to strike the affidavit of in-house counsel Judith Whittaker for lack of compliance with Rule 56(c), Fed.R.Civ.P., in that it is not based upon personal knowledge. The plaintiff challenges the substance of the Whittaker affidavit as well. The only substance challenged by the plaintiff is the alleged accuracy of a synopsis of "Peril in the Pits" program and defendant's contention that the color concept "found in both plaintiff's property and in the accused work, is de minimis." This Court notes that the affiant filed a supplement to her original affidavit which states that the information contained in her affidavit is based upon personal knowledge. In addition, this Court notes that it has not relied upon the synop-

sis presented by any party in ruling the motion for summary judgment. Furthermore, the Court fails to find that the affiant took the position that the color concept found in both properties was de minimis.

Therefore, since there appears no reason to strike the affidavit of Judith Whittaker, plaintiff's motion to do such will be denied.

## COPYRIGHT INFRINGEMENT: COUNTS I AND II

To prove copyright infringement, the plaintiff must show (1) ownership of the copyright; (2) access to the copyrighted work; and (3) substantial similarity between the copyrighted work and the defendant's work." *Litchfield v. Spielberg, supra* at 1355. For the purpose of defendant's motion for summary judgment, the defendant is not disputing the ownership of plaintiff's copyright nor its access to that copyrighted work. Therefore, the issue before this Court is whether or not substantial similarity exists between the copyrighted materials.

■ Copyright infringement depends upon the plaintiff showing substantial similarity in both ideas and expression. Similarity of ideas is shown by an extrinsic test which focuses on any alleged similarities in objective details such as a comparison of the plot, the theme, the dialogue, mood, setting, pace and sequence. Similarity of expression depends upon a subjective, intrinsic test, focusing on the responses of the ordinary, reasonable person to the two works. Any listing of similarities, especially in the sequence of events and incidents, are inherently subjective and unreliable. This is especially true when the list emphasizes random similarities scattered throughout the works. To constitute infringement of expression, "the total concept and feel of the works must be substantially similar." *Litchfield v. Spielberg, supra* at 1357. Protection granted to a copyrighted work extends only to the particular expression of the idea and never to the idea itself. *Perma Greetings, Inc. v. Russ Berrie and Co., Inc.,* 598 F.Supp. 445, 447 (E.D.Mo.1984). "Thus, a similari-

ty of idea presents no infringement question; only when defendant's own expression descends so far into what is concrete in a work as to invade its expression does he violate the plaintiff's right and infringe the copyright." *Id.* at 447. The difficult task in an infringement action is to separate the nonprotected idea from the protected expression. While it is true that the demarcation line between an idea and its expression is not readily susceptible to generalization, the essence of infringement lies not in taking a general theme but in a particular expression through similarities of treatment, details, scenes, events and characteristics, that is the overall feel of the work. Similarity of themes so obviously calls for similarity of treatment. In addition there are "scenes a faire," sequence of events which necessarily flow from a common theme. Copyrights do not protect thematic concepts or scenes a faire.

■ A determination of whether substantial similarity exists between two copyrighted works depends upon a side by side comparison of the copyrighted material. *Knickerbocker Toy Co., Inc. v. Genie Toys, Inc.,* 491 F.Supp. 526 (E.D.Mo.1980). The two works "should be considered and tested, not hypercritically or with meticulous scrutiny, but by the observations and impressions of the average reasonable reader and spectator." *Twentieth Century-Fox Film Corp. v. Stonesifer,* 140 F.2d 579, 582 (9th Cir.1944). Analytical dissection of the two works is improper to determine if the expression of idea has been copyrighted. Dissection of clothing, colors, features and mannerisms following the removal of the characters from their settings is inappropriate. A side by side comparison of the works to determine substantial similarity is not dependent upon a minute, meticulous, analytical dissection but a determination as to whether or not a substantial similarity would be recognized by the ordinary observer. *Sid and Marty Krofft Television v. McDonald's Corporation,* 562 F.2d 1157 (9th Cir.1977).

**820**

■ Initially, this Court notes that the plaintiff has presented a complaint which barely, if at all, is sufficient under Rule 8 of the Fed.R.Civ.P. which requires a pleading to set forth a short and plain statement of the claim showing that the pleader is entitled to relief. "To be sufficient under Rule 8 a claim of infringement must state, *inter alia*, which specific original work is the subject of the copyright claim." *Gee v. CBS, Inc.*, 471 F.Supp. 600 (E.D.Pa.1979). The copyrighted work that the plaintiff claims has been infringed and which has been presented and authenticated by the copyright office of the United States, is different from the claim made in plaintiff's reply to Hallmark Cards' motion for summary judgment. In that response, the plaintiff claims that she has copyrighted a merchandising property which involves a unique color concept, namely, that things can be painted multi-colors with a rainbow. The copyrighted material presented to this Court does not present this concept, but only includes drawings of characters contained in the copyrighted play entitled "The Adventures of Rainbow Island." While it is true that on page 51 of the copyrighted material one of the characters states that the rainbow colors on her suit is a result of jumping through the base of the rainbow on Rainbow Island, there is no other reference throughout the entire 59 page play to this "multi-color concept." However, in the copyrighted material presented to this Court from the copyright office of the United States, "The Rainbow Brite Story," page 4 of defendant's copyrighted material clearly states the multi-color concept is copyrighted by the defendant. That concept is expressed by the main character, Rainbow Brite, "using the colors of the rainbow to make our world brighter and our hearts lighter." Further, Rainbow's partners are described as "the color kids" —seven little people with personalities as varied as the colors of the rainbow. The color kids are responsible for their assigned colors and for organizing and leading the group of sprites that match their hues. These sprites are little workers who mine and manufacture "star sprinkles," the magic crystals that form the colors.

In applying Rule 8 to copyright infringement actions, courts have required that particular infringing acts be alleged with some specificity. *Gee v. CBS, Inc.*, 471 F.Supp. 600, 644 (E.D.Pa.) *aff'd*, 612 F.2d 572 (1979); 3 M. Nimmer, Copyright § 12.09(a) (1984); *Wildlife Internationale, Inc. v. Clements*, 591 F.Supp. 1542 (S.D. Ohio 1984). In the *Wildlife* case, the court held that given the distinctive characteristics of acts which would constitute alleged infringement, the failure to make any specific mention of those acts precludes the plaintiff from asserting a cause of action as to those acts. *Id.* at 1547.

Here the plaintiff is alleging that not only the animated production "Peril in the Pits" infringes upon the plaintiff's copyrighted material, as alleged in the complaint, but also *all* other animated productions, paper products, dolls, toys, and any other merchandising and licensing products which have been granted by Hallmark Cards, Incorporated. This type of broad, sweeping allegation of infringement does not comply with Rule 8's requirement that specific mention of those acts which infringe are necessary in order to assert a cause of action and are required so that the defendant can adequately respond.

Although it does not appear that plaintiff has conformed to the requirements of Rule 8, this Court will not dismiss plaintiff's cause of action on this basis but will review all materials presented to this Court to make a determination whether or not substantial similarity exists between the two copyrighted properties. This Court has considered all the animated productions presented to it, all exhibits presented, all affidavits, and all properties which have been produced as a part of the merchandising program of Hallmark Cards.

■ As stated earlier, an idea is not copyrightable, only the expression of that idea. Furthermore, scenes a faire are not copyrightable. The plaintiff claims that her copyright gives her exclusive right to license and merchandise the color concept

that things can be painted multi-colors with a rainbow. This "unique color concept" appears to be nothing more than an uncopyrightable *idea*. The expression of that multi-color concept appears in only two minor characters of plaintiff's copyrighted material. "Swithin," a fairy in the Adventures of Rainbow Island and "Rainbow," a dog with long multi-color hair, are the only characters in which this idea has been expressed. The characters which express that multi-color concept are not any better developed or any more central to the play than any of the other characters. In fact, neither of them are lead characters since the production deals mainly with the tooth fairy, the tooth fairy's obligation to exchange coins for teeth, and the kidnapping of the tooth fairy's daughter with her eventual rescue. None of the other 24 characters express this unique color concept in any way. None of the other characters are multi-colored. None of the other characters are single-colored nor represent the personality of that color, nor is color a focal point in any part of the production, outside of the minimal reference to it on page 51. Thus comparison of the two works in regard to this color concept reveals that the similarities exist only at a level of minimal abstraction which is "too basic to permit any inference that defendants wrongly appropriated any 'expression of plaintiff's idea.'" *Giangrasso v. CBS, Inc.*, 534 F.Supp. 472, 478 (E.D.N.Y.1982). Further, the lack of development of the specific expression of the color concept makes such an expression uncopyrightable. *Nichols v. Universal Pictures, Inc.*, 45 F.2d 119, 121 (2d Cir.), *cert. denied*, 282 U.S. 902, 51 S.Ct. 216, 75 L.Ed. 795 (1930).

It is the contention of the plaintiff that the Court should look to the entire Rainbow Brite property to determine whether or not infringement has occurred. This argument appears to be nothing more than an attempt to construct a cause of action as one might construct a house of cards. The plaintiff, by taking out of context certain trivial surface similarities, many of which constitute uncopyrightable materials and scenes a faire, seeks to reach a substantial *number* of similarities so as to satisfy the substantial similarity requirement. As an example, the defendant points out that in the Rainbow Brite property, unlike the plaintiff's copyrighted material, there is no ship. The Adventures of Rainbow Island includes pirates as characters who kidnap the tooth fairy's daughter and take her on a pirate ship to the island of Grog, where the villains reside. In response to this dissimilarity, the plaintiff presents Exhibit J in which, in the background of a large picture of the Rainbow Brite characters, a tiny ship is seen traveling on a small lake. If this type of similarity is sufficient to meet the standards established for the showing of a copyright infringement, then the plaintiff's copyrighted material would certainly violate any copyright which may cover the Peter Pan property, a property which clearly includes fairies, pirates, and pirate ships. In fact, many of the similarities which are pointed out by the plaintiff in Exhibits A through T accompanying her response to defendant's motion for summary judgment, are nothing more than mere trivial surface similarities.

The plaintiff's copyrighted material has as a major theme the tooth fairy concept. This concept, a folk legend passed from generation to generation, involves a fairy coming to the home of a young child who has lost a baby tooth and exchanging that tooth, which has been placed under a pillow, for money. The plaintiff claims that a "tooth concept" is involved in the Rainbow Brite property and as evidence supporting it attaches to her response Exhibits G and H. Exhibit G is a photograph of a licensed Rainbow Brite toothpaste topper product. Exhibit H is a photograph of a licensed Rainbow Brite talking toothbrush product in which the statement appears "brush your teeth everyday to make them rainbow bright." Again, this type of trivial surface similarity is not the kind of similarity which is prohibited under the copyright laws of this country. No ordinary, reasonable person would reach the conclusion that substantial similarity exists between the expression contained in plaintiff's copyright-

ed material and defendant's copyrighted material because both of them use a ship, no matter how important or how trivial, and because both of them refer in some way to teeth.

■ Plaintiff also alleges that there is a dispute of fact over the custom and usage of the industry in regard to copyrighted material. Specifically, the plaintiff alleges that it is the custom and practice in the design and artistic industry for companies to regularly solicit outside design submissions for incorporation into their existing and future product lines. At the time of the submission it is understood by both parties that modifications and changes to the original design and the eventual product line will be made. Further, it is understood that the original design may bear little resemblance to the eventual product line. Thus the plaintiff's argument is that the differences between the Rainbow Brite property as it is presently commercialized and plaintiff's Rainbow Island property, are a product of the custom and practices in the artistic design industry. The plaintiff then asserts that a grant of summary judgment in such an instance is inapplicable where the custom and usage in a particular industry remain a material issue of fact. For this she cites the case of *May v. Morganelli-Heumann and Associates,* 618 F.2d 1363 (9th Cir.1980). In that case the court clearly held that the customs and practice of the industry were a material fact which was in dispute. Even if it is the custom of the industry to change and compensate, if the change is so significant and complete as to make the product substantially dissimilar, and if all that was copied was an idea or concept, then there has been no copyright infringement. Further, here the concept of things being painted by a rainbow is what is allegedly being stolen by the defendant. That concept is not copyrightable and is not what the plaintiff has copyrighted. The color concept referred to in plaintiff's Exhibit N is totally different from the one the plaintiff has allegedly copyrighted. The defendant's color concept goes beyond painting things multi-colored with the rainbow. It includes

single colored sprites, under the command of a color kid who shares the same hue, mining star sprinkles. When these star sprinkles are sifted through the fingers of Rainbow Brite, color appears in the world. The plaintiff's color concept is restricted to two characters being multi-colored as a result of passing through a rainbow.

Plaintiff is also attacking the accuracy of the synopsis presented by defendant Hallmark and claims that this is a material fact which remains disputed. As this Court noted earlier, it is not relying on any synopsis presented by any party in making its determination as to whether or not substantial similarity exists between the copyrighted materials.

■ The plaintiff claims that Hallmark has never actually addressed, "let alone explained, the substantial similarity between the properties in issue...." The plaintiff has not clearly stated what those substantial similarities are and she has downplayed, diminished and even attempted, through "expert" affidavit, to delete from her copyrighted material what appears to be the basic thrust, premise, and theme that underpins her entire work, that is the tooth fairy. Furthermore, the plaintiff has exaggerated and amplified fleeting similarities of expression. While it is the overall feel from the point of view of an ordinary, reasonable observer that the Court must compare, a more detailed comparison will further amplify the substantial difference between the two copyrighted properties. The setting for the Rainbow Island property is an island in the Pacific Ocean. Defendant's Rainbow Land exists somewhere at the end of the rainbow. The plaintiff's heroine is Vashti the tooth fairy. As tooth fairy, she has wings and is a small non-human creature. In the specific production copyrighted, she has nothing to do with the rescue of her daughter from the pirates. The heroine could also be considered to be Princess Miranda, the tooth fairy's daughter. Miranda does nothing to secure her, or the fairies' escape, she has little character development, she is the

daughter of a fairy, has no magical powers, has long flowing golden hair, wings and a floor length gown. Rainbow Brite is the heroine of the defendant's property. Rainbow is a little girl who uses the colors of the rainbow to make our world brighter and our hearts lighter. She has multi-colored moon boots, a colorful mini-skirt and a magic power belt. She is an assertive character who has magical powers as a result of the magic power belt. In fact, the star sprinkles which are mined and manufactured by the sprites, only become magical when they are sifted through Rainbow Brite's fingers. The underlying theme and purpose of the plaintiff's copyrighted material is the exchanging of coins from the gold pot located at the end of the rainbow for the baby teeth of children throughout the world. The purpose of defendant's characters is to make the world a brighter and happier place through the use of colors. The villains are entirely different. Plaintiff's chief villain is Captain Barnacle, a pirate who seeks to capture money located in the pot of gold. This villain is a full grown adult character who is pictured as an evil looking pirate with very pointed, detailed features. His sidekicks, both bumbling, are Gunther, a skinny adult sailor and Cannonball a fat, adult, bald sailor. Two animal villains include Skullybones, a peg-leg bird and Delilah, Cannonball's pet rat. Defendant's villains are Murky Dismal and Lurky. Murky is a nasty little creature with green skin. His mission is to capture the magic power belt that Rainbow Brite wears so that everyone will become as miserable as he is. Lurky is a furry creature, not human, with a big snout and a large heart. He is a bumbling, awkward assistant. In the plaintiff's production, the fairies play a major role in gathering the coins and the fairy dust for use by the tooth fairy. They also are key figures in the escape of Princess Miranda from the evil villains. These fairies are multiple colored non-human creatures with wings and all the attributes that fairies normally have. Comparative characters to plaintiff's fairies are defendant's color kids. Each of the kids, a small child, represents one color. The clothing, hair and personality are all manifestations of that color. Further comparison of plot, dialogue, sequence and other characteristics of the two properties clearly reveals that what similarities may exist are either of non-copyrightable material, scenes a faire or not of a substantial nature. In fact, to say that the two properties are substantially similar would be like saying that the Rainbow Brite "Peril in the Pits" production infringes upon the Wizard of Oz production because both of them have a hot air balloon in which characters seek to escape over the rainbow to the earth. (Defendant's Exhibit B, p. 36–39).

Since an ordinary, reasonable observer would not find the existence of substantial similarity between the two properties, and since any similarity which may exist is either of non-copyrightable material, scenes a faire, or of an insubstantial nature, then defendant's motion for summary judgment in regard to copyright infringement as contained in Counts I and II will be granted.

## LANHAM ACT VIOLATIONS: COUNTS III AND IV

Counts III and IV of plaintiff's complaint allege a violation of 15 U.S.C. § 1125(a) (Lanham Act). In order to prove the existence of a Lanham Act violation the plaintiff must show that the plaintiff's product has a mark or feature that is non-functional, which has acquired a secondary meaning, and the defendant's use is likely to cause confusion. The plaintiff alleges that the mark or feature that its product has, that is nonfunctional, is "the Rainbow Island Property." *Truck Equipment Service Company v. Fruehauf Corp.*, 536 F.2d 1210 (8th Cir.1976), *cert. denied*, 429 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976). As previously stated there is an absence of substantial similarity between the two copyrighted materials and "the absence of substantial similarity leaves little basis for asserting a likelihood of confusion or palming off for the purpose of a claim under … the "Lanham Act." *Warner Brothers, Inc. v. American Broadcasting*

*Companies,* 720 F.2d 231, 246 (2d Cir. 1983). Furthermore, there is no evidence before this Court to suggest that the plaintiff's copyrighted merchandising product has acquired any secondary meaning or identifying feature or mark which is associated in the public mind with the plaintiff or its product. This is supported by the plaintiff's own deposition in which she stated that only defendant Hallmark, three production companies, a few of her friends and her agent had ever seen the copyrighted material. (Kingsley deposition, pp. 124–125, 202–204). Without some evidence of a secondary meaning in an identifying mark or feature of plaintiff's copyrighted material, Counts III and IV must fail.

## FALSE REPRESENTATION AND FALSE ADVERTISING: COUNT V

■ Plaintiff alleges in Count V that through its advertising and promotional campaign the defendant has falsely represented that it was the "sole and exclusive owners of the Rainbow Brite property." In addition, the plaintiff alleges that such representations were knowingly false since "both defendants knew that the Rainbow Brite property originated with plaintiff...." This allegation is known as a "reverse passing off" since it alleges that the defendants have falsely passed off what are, in fact, allegedly plaintiff's products (the Rainbow Brite properties) as belonging to them by pretending that they were the creators of those properties. Without substantial similarity between the defendant's and plaintiff's work there can be no reverse passing off. *Warner Brothers,* 720 F.2d at 246–47; *Litchfield, supra* at 1358; *Berkic v. Crichton,* 761 F.2d 1289, 1291 n. 1 (9th Cir.1985). Since there is not substantial similarity between the properties, then plaintiff's claim for reverse passing off under the Lanham Act must fail.

## MISAPPROPRIATION: COUNT VI

■ Count VI of plaintiff's complaint alleges common law misappropriation. Section 301(a) of the Copyright Act provides that:

On or after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by § 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by §§ 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any state.

Plaintiff's misappropriation claim is preempted by the Copyright Act. *Warner Brothers, supra* at 247. In addition, misappropriation allegations made by the plaintiff are essentially the same as her copyright infringement claim in Counts I and II. This would require the plaintiff to demonstrate substantial similarity in order to prove the misappropriation claim. This Court has held that there is no substantial similarity between the parties' copyrighted material and as such summary judgment is appropriate on behalf of the defendant as to Count VI.

## UNFAIR COMPETITION: COUNT VII

The plaintiff has alleged that defendant was guilty of unfair competition. This common law action is before this Court on pendent jurisdiction and, since the plaintiff's federal copyright and Lanham Act claims are being dismissed by this Court on a motion for summary judgment, the plaintiff's pendent state claims (misappropriation and unfair competition) must be dismissed. *United Mineworkers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Litchfield,* 736 F.2d at 1358; *Jason v. Fonda,* 698 F.2d 966 (9th Cir.1982).

Accordingly, it is hereby

ORDERED that plaintiff's motion to strike the affidavit of Judith Whittaker is hereby denied; and it is further

ORDERED that defendant Hallmark Cards, Inc.'s motion for summary judg-

ment is hereby granted as to Counts I through VI and Count VII is dismissed without prejudice.