**Ulpio MINUCCI, Plaintiff–Appellant,**

v.

**Farouk AGRAMA, aka Frank Agrama; Harmony Gold Music, Inc.; Harmony Gold U.S.A., Inc.; Jehan Agrama, aka Gigi Agrama, Defendants–Appellees.**

No. 88–5684.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 1989.

Decided March 1, 1989.

James P. Goodkind, Engel & Engel, Los Angeles, Cal., for plaintiff-appellant.

Barry G. West, Armato, Gaims, Weil, West & Epstein, Los Angeles, Cal., for defendants-appellees.

Before ALARCON, BRUNETTI and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

## PROCEEDINGS IN THE DISTRICT COURT

Ulpio Minucci ("Minucci") filed suit in the district court alleging a copyright infringement claim and several pendent state claims. The district court dismissed the pendent state claims without prejudice. Minucci then filed the dismissed claims in state court. Thereafter, the defendants ("Agrama") moved to stay Minucci's federal copyright claim pending resolution of his state court claims. The district court granted the stay. Minucci appeals. We have jurisdiction under 28 U.S.C. § 1291. *See Silberkleit v. Kantrowitz,* 713 F.2d 433, 434 (9th Cir.1983); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 8–10, 103 S.Ct. 927, 932–34, 74 L.Ed.2d 765 (1983). We reverse.

## ANALYSIS

In granting the stay, the district court reasoned that if Minucci's copyright claim were to be tried in federal court, in advance of the state court action, the federal proceeding would "necessarily involve the full exploration and adjudication of all of the factual issues involved in the pendent claims" which the district court had dismissed. *Minucci v. Agrama,* No. CV–87–2682–IH at 3 (C.D.Cal. Jan. 8, 1988) (memorandum decision). The district court stated that this would require "the expenditure of very substantial amounts of time in the adjudication of state issues and in declaring state law which the Supreme Court has told us in [*United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966),] is not necessarily the best and most productive use of limited federal court time and resources." (District court's memorandum decision at 3–4).

*Gibbs* does not support the stay of Minucci's federal copyright claim. *Gibbs* involved the question of federal jurisdiction over state claims; it did not involve a stay of a *federal* claim. *Gibbs,* 383 U.S. at 726–27, 86 S.Ct. at 1139–40. *See Vestron,*

*Inc. v. Home Box Office Inc.*, 839 F.2d 1380, 1381 (9th Cir.1988) ("federal courts have exclusive jurisdiction over actions that arise under federal copyright law"); 28 U.S.C. § 1338(a) (1982).

■ Neither is the stay supported by the "wise judicial administration" doctrine announced in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–18, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976). The *Colorado River* doctrine allows a district court to stay or dismiss a federal suit "due to the presence of a *concurrent* state proceeding for reasons of wise judicial administration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983) (emphasis added) (quoting *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246). Such stays or dismissals are permitted only in exceptional circumstances because the "federal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them.'" *Moses H. Cone*, 460 U.S. at 15, 17–19, 103 S.Ct. at 936, 937–38 (quoting *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246). Moreover, the *Colorado River* doctrine only applies to claims under the concurrent jurisdiction of the federal and state courts. "[T]he district court has no discretion to stay proceedings as to claims within *exclusive* federal jurisdiction under the wise judicial administration exception." *Silberkleit*, 713 F.2d at 436 (emphasis added); *see also Medema v. Medema Builders, Inc.*, 854 F.2d 210, 213 (7th Cir.1988) (following *Silberkleit*); *General Motors Corp. v. California State Bd. of Equalization*, 815 F.2d 1305, 1308–09 (9th Cir.1987), *cert. denied* — U.S. ——, 108 S.Ct. 1122, 99 L.Ed.2d 282 (1988). Since Minucci's copyright claim is within the exclusive jurisdiction of the federal courts, the *Colorado River* doctrine is inapplicable.[1]

■ Agrama argues that *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978), supports the district court's stay. We disagree. First, Justice Blackmun, who provided the deciding vote in *Calvert*, concurred in the judgment solely to allow the district court to reconsider its stay in light of the *Colorado River* case. *Calvert*, 437 U.S. at 668, 98 S.Ct. at 2560 (Blackmun, J., concurring in the judgment). Both Justice Blackmun and the four dissenters agreed that *Colorado River* controlled the outcome in *Calvert*. *See Moses H. Cone*, 460 U.S. at 17, 103 S.Ct. at 937. Thus, the *Calvert* plurality opinion, upon which Agrama relies, is actually the minority opinion in the case. Second, the plurality opinion in *Calvert* is distinguishable. Chief Justice Rehnquist noted that "[t]he correct disposition of the case hinges in large part on the appropriate standard of inquiry to be employed by a court of appeals in determining whether to issue a writ of mandamus to a district court." *Calvert*, 437 U.S. at 661, 98 S.Ct. at 2556 (plurality); *see also Moses H. Cone*, 460 U.S. at 18, 103 S.Ct. at 938. Appellate courts must give greater deference to district court decisions when reviewing a petition for mandamus than they do in normal appeals. *Calvert*, 437 U.S. at 661, 98 S.Ct. at 2556 (plurality). The present case is before us on appeal.

## CONCLUSION

We reverse the district court's order granting the stay and remand for further proceedings on the merits of this case.

**REVERSED AND REMANDED.**

---

1. We also note that this case does not fall within any of the three traditional abstention categories. *Cf. Silberkleit*, 713 F.2d at 435 (discussing the *Pullman, Burford* and *Younger* abstention doctrines); *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 668, 98 S.Ct. 2552, 2560, 57 L.Ed.2d 504 (1978) (Brennan, J., dissenting); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Furthermore, we are not aware of any statutory scheme which would otherwise authorize the district court's stay. *Cf. Moses H. Cone*, 460 U.S. at 20 & n. 23, 25 n. 32, 103 S.Ct. at 939 & n. 23, 942 n. 32 (discussing the Arbitration Act).