17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Percy CHIEN Plaintiff-Appellant,
v.
Harry HATHAWAY, et al., Defendants-Appellees.
 No. 92-56110.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1994.
Decided Feb. 17, 1994.
 
 Before: D.W. NELSON, REINHARDT, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-appellant Percy Chien appeals the district court's award of costs and a stay entered against him pursuant to Federal Rule of Civil Procedure 41(d) in his action against, among others, Fulbright and Jaworski, a law firm where his attorney Liang-Houh Shieh briefly worked. Fulbright, besides defending the stay order, requests that Chien be sanctioned for violating circuit rules regarding the excerpt of record and for filing a frivolous appeal. We affirm the district court order and deny the request for sanctions.
 
 I. Background
 
 3
 In July 1991, Chien and his corporation, PSJ Corporation, brought suit against Fulbright and others in Los Angeles Superior Court. Chien subsequently dismissed the action in September of the same year. In December 1991, Chien filed an action against Fulbright and others in federal court. Fulbright moved to stay the action pursuant to FRCP 41(d) pending payment of the costs it and its counsel incurred in defending the prior state court action. The district court entered the stay pending Chien's payment to Fulbright of $1042.25 in costs. The stay is appealable under 28 U.S.C. Sec. 1291 since it could put Chien "effectively out of court." Silberkleit v. Kantrowitz, 713 F.2d 433, 434 (9th Cir.1983) (quoting Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1 (1983)); United States v. General Dynamics Corp., 828 F.2d 1356, 1360 (9th Cir.1987).
 
 II. Discussion
 
 4
 A district court's stay order is reviewed for abuse of discretion. Nakash v. Marciano, 882 F.2d 1411, 1413 (9th Cir.1989).
 
 
 5
 Rule 41(d) is "intended to serve as a deterrent to forum shopping and vexatious litigation." Simeone v. First Bank Nat'l Ass'n, 971 F.2d 103, 108 (8th Cir.1992); see also Moore's Federal Practice p 41.16 (2d ed. 1992). Chien offers no persuasive explanation for his litigative conduct. The present case includes all five claims from Chien's previously dismissed state court action and the parties in the two cases are nearly identical. The amount of costs is relatively small. Under these circumstances, although Chien's challenge to the stay is not frivolous, it is not so compelling that we find that the district court abused its discretion in granting the stay order.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Regarding the other issues raised by the parties: we find the amount of costs awarded Fulbright to be reasonable and appropriate; we find it unnecessary to reach Fulbright's request for judicial notice of court orders and rulings in other cases involving Shieh, Chien or Shieh's other clients; and we deny all requests for sanctions