**ZIMMERMAN GROUP, INC., Plaintiff,**

v.

**FAIRMONT FOODS OF MINNESOTA, INC. and Nathan Morris, Defendants.**

**No. 3-94-658.**

United States District Court, D. Minnesota, Third Division.

Nov. 17, 1994.

Alan M. Anderson, and Renne L. Toenges, Bloomington, MN, for plaintiff.

Bruce H. Little, Todd M. Kleinhuizen, Minneapolis, MN, and Kenneth E. Scott, Fairmont, MN, for defendant Fairmont Foods.

## MEMORANDUM OPINION AND ORDER

DAVIS, District Judge.

Plaintiff, Zimmerman Group, Inc. (Zimmerman) was hired by defendant Fairmont Foods of Minnesota, Inc. (Fairmont) in the summer of 1993 to create advertising and marketing materials for a new food line, Linda McCartney's Vegetarian Foods. Zimmerman presented Fairmont with certain storyboards that essentially described a commercial in which Linda McCartney was in a kitchen preparing foods. Zimmerman alleges that at some point during the February–March 1994 time period, Fairmont began to distribute these storyboards in their marketing kits.

On February 28, 1994, Fairmont terminated its relationship with Zimmerman. At that time, Zimmerman alleges Fairmont owed it approximately $269,000. Fairmont has paid $162,614.67, but has refused to pay the balance. At approximately the time Fairmont terminated Zimmerman as its advertising firm, Fairmont hired the Zimmerman account executive, Nathan Morris, who handled Fairmont's account. Thereafter, Fairmont produced commercials which portrayed Linda McCartney in the kitchen.

On April 29, 1994, Fairmont commenced a declaratory judgment action in state court to determine the amount it owes Zimmerman. On May 25, 1994, Zimmerman commenced this federal action alleging copyright infringement, unfair competition and unjust enrichment. The copyright claim is based upon Fairmont's unauthorized use of the story-

boards prepared by Zimmerman. Zimmerman registered the storyboards for copyright protection, which registration was effective on June 6, 1994.

Fairmont now moves this court for a dismissal, or in the alternative for a more definite statement of the copyright claim or a stay of the federal proceedings until its state court action is resolved.

As a preliminary matter, Zimmerman requests the court leave to amend its Complaint. As no formal motion was made to amend the Complaint, such request will not be granted and the court will determine Fairmont's motion to dismiss based upon the current Complaint.

## MOTION TO DISMISS

For the purposes of Fairmont's Motion to Dismiss, the court takes all facts alleged in Zimmerman's Complaint as true. *Westcott v. Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990). Further, the court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Zimmerman. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Id.*; see *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court applies those standards in the following discussion and under this standard, Zimmerman has sufficiently plead a copyright infringement claim.

1. Copyright claim.

■ To prove copyright infringement, Zimmerman must prove 1) ownership of the copyright; 2) access to the copyrighted material; and 3) substantial similarity between the copyrighted work and Fairmont's work. *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 120 (8th Cir.1987). Substantial similarity involves a two step analysis. *Id.* The similarity of ideas must be analyzed by focusing on the objective similarities. *Id.* Thereafter, the similarity of expression is evaluated using an intrinsic test depending on the response of the ordinary, reasonable person. *Id.*

■ In this case, Zimmerman alleges that it owns the copyright to the storyboards, that the storyboards were presented to Fairmont and that Fairmont infringed its copyright by the unlawful and unauthorized "production, distribution and use of sales kits and 'free standing inserts' and the production and showing of a television commercial which used the copyrighted works and/or derivations thereof." Complaint P. 10. These allegations satisfy the elements of a copyright infringement claim.

Fairmont argues the copyright infringement claim should be dismissed because Zimmerman authorized the use of the storyboards in their sales kits and points to a letter dated March 10, 1994 in which Zimmerman allegedly acknowledges the storyboards were to be used in a sales kit. Zimmerman denies providing authorization, and whether or not Zimmerman authorized the use of the storyboards is a defense to the claim and should not be taken into consideration when addressing a motion to dismiss.

■ Fairmont also argues Zimmerman can make no claim for statutory damages or attorneys' fees pursuant to 17 U.S.C. § 412(2). This section provides that in any action under this title, a plaintiff may not be entitled to statutory damages and attorneys' fees for an infringement of a copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work. Fairmont argues that Zimmerman alleges in the Complaint that infringement began "from and after February 28, 1994" and that the effective date of registration is June 6, 1994; a date more than three months after the alleged first date of publication. The Complaint does not state the date of first publication is February 28, 1994, however. "From and after February 28, 1994" infers the first publication was after such date. Zimmerman argues it believes it can prove the effective date of registration is within three months of first publication. Under the standard utilized for a motion to dismiss, Zimmerman is entitled to this reasonable inference.

Fairmont also argues its commercial did not infringe Zimmerman's copyright, on the basis that copyright does not protect a thematic concept. To establish a copyright claim, Zimmerman must show a substantial similarity between the copyrighted work and the Fairmont's work. *Hartman v. Hallmark, Inc.* 639 F.Supp. 816 (W.D.Mo.1986) *aff'd* 833 F.2d 117 (8th Cir.1987). This is a factual determination not ripe for a motion to dismiss. *See also, See v. Durang,* 711 F.2d 141 (9th Cir.1983).

### 2. State law claims.

Fairmont argues the state law claims asserted by Zimmerman must be dismissed because to the extent they restate a copyright infringement claim, they are preempted by federal law and because such claims are compulsory counterclaims to the state court action.

Section 301 of the Copyright Act preempts those state law rights that " 'may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law' ". *National Car Rental v. Computer Associates,* 991 F.2d 426, 431 (8th Cir.1993) *cert. denied,* —— U.S. ——, 114 S.Ct. 176, 126 L.Ed.2d 136 (1993) (citations omitted). "If an extra element is 'required, instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is no preemption.' " *Id.* (citations omitted).

Zimmerman has asserted in its Complaint, unfair competition, unpaid services, unjust enrichment and interference with contract. "Unfair competition is not a tort with specific elements; it describes a general category of torts which courts recognize for the protection of commercial interests." *Rehabilitation Specialists, Inc. v. Koering,* 404 N.W.2d 301, 305–306 (Minn.Ct.App.1987). Torts included within this general category are product disparagement, *Advanced Training Systems, Inc. v. Caswell Equipment Company, Inc.,* 352 N.W.2d 1 (Minn.1984), tortious interference with contractual interests and improper use of trade secrets. *United Wild*

*Rice, Inc. v. Nelson,* 313 N.W.2d 628 (Minn. 1982). For this claim to stand, Zimmerman must identify the underlying tort which is the basis for the unfair competition claim.

█ Zimmerman alleges in paragraph 15 of the Complaint that Fairmont's "acts of copyright infringement separately and together with the acts interference with contract alleged herein, constitution unfair competition". To the extent that the unfair competition claim is based upon acts of copyright infringement, it is preempted by 17 U.S.C. § 301. To the extent that the claim is based upon interference with contract, it is duplicative of Count V which also asserts an interference with contract claim based upon the same conduct. As Zimmerman does not identify another tort upon which to base its unfair competition claim, this claim must be dismissed in its entirety.

█ Count IV asserts a claim for unjust enrichment. Paragraph 21 of the Complaint provides "[b]y using and deriving benefit from the services and work performed for it by Plaintiff, including the copyrighted works, Defendant Fairmont Foods has been and will be unjustly enriched." Clearly, this claim, to the extent it is based upon acts of copyright infringement, is preempted. The remainder of the claim is duplicative of Count III, which provides: "Defendant Fairmont Foods has continued to use and derive the benefit from the services and work provided by Plaintiff, including the copyrighted works." Paragraph 19 of the Complaint. Accordingly, Count IV is dismissed in its entirety.

Fairmont argues the remainder of the claims against it, Count III alleging unpaid services and Count V alleging interference with contract, are compulsory counterclaims to its state court action currently pending in Martin County, Minnesota. Zimmerman argues that this court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a) as they are "so related to claims in the action within which such original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution." This court finds that it has supplement jurisdiction over the state law claims. Because the

896

United States District Court is the forum that can determine all claims related to this case, the court will exercise supplemental jurisdiction over the state law claims.

## MOTION TO STAY

■ Finally, Fairmont asks the court to stay the federal proceedings until the state court action is resolved. However, when the court is exercising exclusive jurisdiction, as in this case with its copyright infringement case, the court cannot stay the federal action in favor of a state action. *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 213 (7th Cir.1988). *See also Minucci v. Agrama*, 868 F.2d 1113, 1115 (9th Cir.1989). Accordingly, Fairmont's motion to stay must be denied.

## ORDER

Accordingly, based upon the above, and all files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the motion of Defendant Fairmont Foods to dismiss is GRANTED as to Counts II and IV of the Complaint and DENIED with respect to the remainder of the Counts included in the Complaint. Counts II and IV are hereby dismissed with prejudice. Defendant Fairmont Food's motion to stay is DENIED.